# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SER LAO, as an individual and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>    vs.<br><br>H & M HENNES & MAURITZ, L.P., a New York limited partnership; and DOES 1 through 50, inclusive,<br><br>            Defendants. | Case No. 5:16-cv-333 EJD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date:         TBD<br>Time:        TBD<br>Courtroom: 4, 5th Floor<br>Judge:       Hon. Edward J. Davila |

**PROPOSED] ORDER**

Plaintiff Ser Lao's ("Plaintiff") Motion for Class Certification came on regularly for hearing before this Court. The Court has considered the moving, opposing and reply papers and the arguments of counsel made at oral argument on this Motion.

### I.     BACKGROUND

On December 11, 2015, Plaintiff filed a class-action complaint in Santa Clara Superior Court. On January 21, 2016, Defendant removed the matter to this Court.

The Complaint alleges causes of action for: (1) violation of California Labor Code section 226(a) for failure to provide accurate wage statements; (2) violation of California Labor Code section 558, 1194, 1197 and 1197.1 for failure to pay minimum wages; (3) violation of California Labor Code sections 558, 1194, 1197 and 1197.1 for failure to pay overtime wages; (4) violation of California Labor Code sections 226.7 and 512 for failure to provide proper meal breaks; (5) violation of California Labor Code section 226.7 for failure to provide proper rest breaks; (6) violation of California Labor Code sections 201 to 203 for failure to pay earned and unpaid wages at the time of separation; (7) violation of California Labor Code section 2698 ("PAGA"); and (8) violation of California Business and Professions Code section 17200 et seq. for unfair business practices. For purposes of this Motion for Class Certification, Plaintiff does not seek certification as to the Fourth Cause of Action for failure to provide meal breaks and the Seventh Cause of Action for PAGA.

### II.    CLASS DEFINITION

On June 23, 2017, Plaintiff filed his Motion for Class Certification. Plaintiff seeks certification of the following Class and Subclasses

    a.     All current and former non-exempt retail store employees who were employed by Defendants in the State of California at any time from December 11, 2011, through the present (the "Class");

    b.     All former employees who were employed by Defendants in the State of California at any time from December 11, 2012, through the present, who during their employment received their normal payroll wages through check or direct deposit, but upon their

separation of employment received their terminating wages in the form of a Money Network ATM Paycard (the "Money Network Paycard Class"); and

      c.     All current and former non-exempt retail store employees who received non-discretionary incentive pay and worked overtime in the same pay period at any time from December 11, 2014, through the present, such that the employee received an overtime recalculation, and received a wage statement (the "Overtime Recalculation Wage Statement Class").

### III.  CERTIFICATION REQUIREMENTS

Rule 23 of the Federal Rules of Civil Procedure authorizes class actions when "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Additionally, the requirements of at least one subsection of Rule 23(b) must be satisfied.

#### A.  Rule 23(a)

The Court finds that the four requirements of Federal Rule of Civil Procedure 23(a) have been met.

##### 1.  Numerosity

The members of the proposed Classes can be ascertained from Defendants' own records and are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). "'Impracticabilty' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).

"While there is no bright-line rule as to how many class members are required to be sufficiently numerous, various courts have found that the numerosity factor is satisfied if the class comprises 40 or more members and have found it not satisfied when the class comprises 21 or fewer…plaintiffs do not need to state the exact number of potential class members, nor is a

specific number of class members required for numerosity." *Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 346-47 (N.D. Cal. 2008).

The undisputed evidence shows that there are at least 10,860 employees in the Class. Thus, numerosity in this case is easily established.

### 2. Commonality

There must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement "has been construed permissively." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Indeed, "[t]he existence of even one significant issue common to the class is sufficient to warrant certification." *Californians for Disability Rights*, 249 F.R.D. at 346.

Plaintiff has identified questions of law and fact that are common to the Classes. Therefore, the commonality requirement has been met.

### 3. Typicality

In *Hanlon*, the Ninth Circuit held that under Rule 23(a) (3)'s permissive standards, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. It is enough if named plaintiffs and class members share a "common issue of law or fact.'" *Cal. Rural Legal Assistance v. Legal Servs. Corp.*, 917 F.2d 1171, 1175 (9th Cir. 1990) (citations omitted).

Plaintiff's declaration and evidence establish that his claims are typical of the Classes that he represents.

### 4. Adequacy of Representation

To determine whether the class representation meets the standard of Rule 23(a)(4), two questions are asked: "(1) Do the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Plaintiff and his counsel have established through their declarations that, as representatives and counsel of the class, they will fairly and adequately protect the interests of the class.

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

### B. Rule 23(b)

Plaintiff seeks certification pursuant to Federal Rule of Civil Procedure 23(b)(3). Rule 23(b)(3) requires two separate inquiries: (1) do issues common to the class "predominate" over issues unique to individual class members, and (2) is the proposed class action "superior" to other methods available for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3).

Here, the Court finds that questions of law and fact common to the class members predominate over questions affecting only individual class members. The Court further finds that certifying the Classes is the superior method of adjudicating this controversy.

### IV. CONCLUSION

Plaintiff's Motion for Class Certification is GRANTED. The Court certifies the following Class and Subclass:

    a. All current and former non-exempt retail store employees who were employed by Defendants in the State of California at any time from December 11, 2011, through the present (the "Class");

    b. All former employees who were employed by Defendants in the State of California at any time from December 11, 2012, through the present, who during their employment received their normal payroll wages through check or direct deposit, but upon their separation of employment received their terminating wages in the form of a Money Network ATM Paycard (the "Money Network Paycard Class"); and

    c. All current and former non-exempt retail store employees who received non-discretionary incentive pay and worked overtime in the same pay period at any time from December 11, 2014, through the present, such that the employee received an overtime recalculation, and received a wage statement (the "Overtime Recalculation Wage Statement Class").

The Court certifies Plaintiff's counsel and their respective firms, namely Larry W. Lee and Kristen M. Agnew of the Diversity Law Group, P.C. Dennis S. Hyun of Hyun Legal, APC, and William L. Marder of Polaris Law Group LLP as Class Counsel.

1 | The proposed class period is from December 11, 2011, through the date judgment is rendered.

Class Counsel shall prepare a proposed form of class notice and shall meet and confer with Defendants' counsel concerning the same. Any agreed upon notice shall be presented to the Court for approval by _____. In the event that the parties cannot agree upon the form of notice, each side shall file their proposed version for consideration by _____. The Notice shall permit class members to opt-out of the class if they so desire within thirty (30) days of notice having been sent by sending a written letter request signed by the class member which lists the class member's full name, address, telephone number, and last four digits of the class member's social security number.

Notice shall be provided to the class via U.S. Mail to the last known address reflected on Defendant's records. Defendant shall cooperate with Class Counsel in preparing a computerized mailing list as required.

**IT IS SO ORDERED.**

Dated: _____   By: _____

Hon. Edward J. Davila
UNITED STATES DISTRICT COURT JUDGE

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**