UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SER LAO,<br>    Plaintiff,<br>  v.<br>H&M HENNES & MAURITZ, L.P.,<br>    Defendant. | Case No. 5:16-cv-00333-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 47 |

## I.  INTRODUCTION

In this putative class action suit, Plaintiff Ser Lao ("Plaintiff" or "Lao") alleges his former employer, Defendant H&M Hennes & Maritz, L.P ("Defendant"), failed to provide accurate itemized wage statements and failed to pay minimum wage, overtime wages, and premium pay for missed meal and rest periods.  Presently before the Court is Defendant's motion for partial summary judgment on Plaintiff's fourth cause of action for meal time violations and sixth cause of action for violation of California Labor Code §§201-203.  Plaintiff agrees to dismiss the fourth cause of action without prejudice and opposes the motion as to the sixth cause of action ("waiting time claim").  At issue is whether the waiting time claim is barred by the doctrine of *res judicata*. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  Based upon all papers filed to date, Defendant's motion for partial summary judgment as to the waiting time claim is denied.

## II.  BACKGROUND

A. The Present Lawsuit – filed December 11, 2015

Defendant operates approximately 80 retail and outlet stores throughout California.  On

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

1

approximately March 3, 2014, Plaintiff was hired as a department manager at Defendant's store located in Fresno, California. Approximately one year later, Plaintiff was promoted to Store Manager, the highest-ranking position at the store level. On September 24, 2015, Plaintiff was terminated.

Plaintiff seeks to represent a class that consists of "[a]ll non-exempt retail store employees who were employed by Defendant[] in the State of California at any time from December 11, 2011, through the present." Complaint at ¶17. Plaintiff also proposes a subclass of "all non-exempt retail store employees who were employed by Defendant[] in the State of California at any time from December 11, 2011, through the present . . . who received overtime pay and non-discretionary incentive pay, including without limitation, bonuses" (the "Regular Rate Sub-Class"), and another subclass of "all former employees who were employed by Defendant[] in the State of California at any time from December 11, 2012, through the present, whose employment was separated for any reason (voluntary or involuntary), including without limitation, resignation, termination, and/or lay-off, and upon their separation of employment received their final wages in the form of an ATM card" (the "ATM Card Class"). Id.

In the sixth cause of action, Plaintiff alleges a violation of Labor Code §§201-203. Plaintiff alleges that Defendant regularly and willfully failed and refused to pay all wages, including commissions, in a timely manner to employees upon discharge or resignation. More specifically, Defendant allegedly refused (a) to pay minimum and/or overtime wages for time spent by employees in security checks after having already clocked-out and/or (b) to pay meal and rest period premium pay for meal breaks that were shorter than 30 minutes as a result of having to undergo security checks. Id. at ¶57. Defendant also allegedly "failed and refused to pay overtime based on the correct regular rate taking into account all non-discretionary remuneration, including without limitation, monthly and quarterly profitability bonuses." Id. Further, Plaintiff alleges that the ATM cards issued by Defendant to pay wages to employees who were discharged or resigned did not fully compensate the employees because the ATM cards were not usable at all locations, required fees for usage in some instances, and did not allow employees to access all of the monies

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
2

1    contained on such cards. Id.

## B. Earlier-Filed Tran Class Action and Settlement

In an earlier-filed wage and hour class action suit in state court, another employee, Suzanne Tran ("Tran"), sued Defendant for (1) "Failure to Pay Minimum Wage in Violation of Labor Code §§1194,1194.2, 1197 and Wage Order 14," (2) "Failure to Compensate for All Hours Worked," (3) "Failure to Make Payment within the Required Time: California Labor Code Sections 201, 202, 203", and (4) Penalties Pursuant to Labor Code Section 2698-99. See Defendant's Separate Statement of Undisputed Facts, Undisputed Fact ("UF") 6. Tran brought suit to challenge Defendant's alleged policy and practice of requiring non-exempt employees to work substantial amounts of time "off-the-clock and without pay, and failing to provide non-exempt employees with meal and rest periods." Tran First Amended Complaint at ¶1. Tran alleged that she was required to perform numerous tasks both at the beginning and the end of her meal and rest breaks, and therefore she was not provided with 30 minutes of off-duty time for meal breaks or 10 minutes of off-duty time for rest breaks, nor paid one hour of wages for each meal/rest period violation. Id. With respect to the cause of action for violation of Labor Code Sections 201-203, Tran alleged that Defendant "failed to pay earned wages to Plaintiff . . . at the time those wages became due and payable." Id. at ¶33. Tran alleged that Defendant "did not have a good faith basis for believing that Plaintiff was not entitled to overtime and/or meal and rest breaks." Id. at ¶33. Tran alleged that Defendant "routinely classified store managers, including Tran, as salaried employees without ever conducting a good faith evaluation of whether its classification of the position as 'exempt' was correct." Id. Tran alleged that these acts by Defendant violated Cal. Labor Code Sections 201 and 202. Accordingly, Tran sought recovery of waiting time penalties as provided under Labor Code Section 203. Id.

In May of 2015, the court certified the class (the "Tran Class") as: "[a]ll individuals who are currently employed, or formerly have been employed by Defendant as non-exempt store management employee[*sic*] in the positions of supervisor, department manager, assistant manager and/or store manager and worked in Defendant's stores in the State of California, at any time

within four years prior to the filing of the original complaint until resolution of this action." UF 7. The named Plaintiff in the instant action, Lao, was a member of the Tran Class. UF 8.

On or about February 29, 2016, the state court granted preliminary approval of the Tran Class Action Settlement. UF9. With respect to the claims to be released, the Tran Settlement Agreement provided, "[a]s of the Effective Date, Settlement Class Members will release their Released Claims," which were defined as:

> all claims, up through the date of the Preliminary Approval, that were alleged in Plaintiff's First Amended Complaint, or that could have been alleged based on the facts alleged in the First Amended Complaint including, but not limited to, claims for unpaid wages, meal and rest break premiums, waiting time penalties, and penalties for wage statement violations or other penalties under California Labor Code Section 2699, et seq.

UF 10. The Notice of Settlement stated: "Upon Final Approval of the Settlement, each member of the Class who has not opted out of the settlement shall be deemed to have fully, finally, and forever released the Released Parties . . . from all Class Member Released Claims through the date of the final approval . . . . All Class Members shall be bound by this release whether or not they return the Claim Form necessary to receive payment of their allocated settlement amount, unless they formally opt-out." UF13.

Following preliminary approval, the claims administrator mailed a Notice of Settlement and Claim Form to class members, including Plaintiff Lao, the named Plaintiff in the instant action. UF 11. The Claim Form notified class members that the scope of the release was as follows: "all claims, up through February 29, 2016, that were alleged in Plaintiff's First Amended Complaint, or that could have been alleged based on the facts alleged in the First Amended Complaint, including but not limited to, claims for unpaid wages, meal and rest break premiums, waiting time penalties, and penalties for wage statement violations or other penalties under California Labor Code Section 2699, et seq." UF 14.

Plaintiff Lao admits that he received the Claim Form. UF 11, 12. He did not submit a completed Claim Form nor did he request to be excluded from the Tran settlement. UF 15. After

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
4

receiving no objections to the Tran Class Action Settlement, the state court granted final approval and dismissed the Tran action. UF 16, 17. The state court order and judgment explicitly provided that "[t]he Class Members shall not sue, or file, initiate, or continue to prosecute any lawsuit, action, charge, complaint, administrative claim, or arbitration, or otherwise make a claim against any of the Released Parties as to claims released." UF 18.

C. The Stipulation Regarding the Tran Class Action

In February of 2016, the parties to the instant action filed a stipulation with this Court regarding the impact of the Tran Class Action Settlement, which provided as follows:

> the Tran class action settlement does not apply to Plaintiff and putative class members' claims for (1) unpaid wages/overtime under California Labor Code Sections 510, 558, 1194, 1197, and 11971.1 that resulted from alleged security checks; (2) premium pay for missed meal and rest periods under California Labor Code Sections 226.7 and 512, that resulted from alleged security checks; and (3) unpaid overtime under California Labor Code Sections 510, 558, 1994, and 1197.1 that resulted from Defendant's alleged failure to include all non-discretionary items of compensation in the regular rate for the purposes of calculating overtime.

UF 20 ("Stipulation").

## III. STANDARDS

A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); Celotex, 477 U.S. at 324. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. Celotex, 477 U.S. at 324.

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
5

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson, 477 U.S. 242, 248-49, 106 S.Ct. 2505, 91 L.Ed.2d 202; Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## IV. DISCUSSION

Defendant contends that Plaintiff's waiting time claim is barred by the doctrine of *res judicata*, reasoning that both the Tran Class Action and Plaintiff's waiting time claim involve the same "primary right" protected by California Labor Code §201(a), which provides that "wages earned and unpaid at the time of discharge are due and payable immediately." Plaintiff argues that *res judicata* is not applicable because the factual predicate for Tran's Class Action is not "identical" to the factual predicate for his waiting time claim, and moreover that Defendant agreed the waiting time claim was outside the scope of the Tran Class Action Settlement by entering into the Stipulation.

"Claim preclusion in federal court can be based on a state court settlement." Howard v. America Online Inc., 208 F.3d 741, 748 (9th Cir. 2000). The preclusive effect of a state court judgment in federal court is determined by state preclusion law. See Id. Under California law, "[r]es judicata, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 896 (2002). Claim preclusion applies when three requirements are met: (1) the prior proceeding resulted in a final judgment on the merits; (2) the present action is on the same cause of action as the prior proceeding; and (3) the party to be precluded was a party or in privity with a party to the prior proceeding. Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (citations omitted). "[I]n determining whether a second complaint states a new cause of action, California courts apply the primary rights theory, under which the invasion of one primary

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
6

right gives rise to a single cause of action." Eichman v. Fotomat Corp., 759 F.2d 1434, 1438 (9th Cir. 1985) (citing Slater v. Blackwood, 15 Cal.3d 791, 795 (1975)). "Under California law, the claim arises from the harm suffered, as opposed to the particular theory of the litigant. Even when multiple legal theories for recovery exist, one injury gives rise to only claim for relief." Id.; see also Bato v. Laboratory Corporation of America Holdings, No. 09-04671 MMM, 2010 WL 11459908 (C.D. Cal. Feb. 8, 2010) (denial of meal and rests breaks is a single harm for purposes of primary right doctrine and precludes plaintiff from recovering civil penalties under both PAGA §226.7(a) and §226.7(b)); Tran v. Le French Baker, Inc., No. 94-0482 VRW, 1995 WL 374342 (N.D. Cal. June 14, 1995) (plaintiff cannot split a cause of action by relitigating the same set of facts for a different form of relief).

Citing Villacres v. ABM Indus. Inc., 189 Cal.App.4th 562 (2010), Defendant contends that Plaintiff's "primary right" under Labor Code §203, to wages earned and unpaid at the time of discharge, was fully redressed in the Tran Class Action and therefore Plaintiff is barred from asserting his waiting time claim. The Villacres case, however, provides more support for Plaintiff's position than Defendant's. There, in an earlier class action, employees sued their employer for failure to pay overtime compensation and failure to pay wages for a split shift in violation of the Labor Code and UCL. The case settled. Two days later, the plaintiff, a member of the prior class, filed the Villacres action against the same defendant seeking civil penalties under PAGA. The defendant employer argued that the "primary rights" theory "treats all wage-related Labor Code violations and PAGA penalties as a single cause of action," and that plaintiff's second suit for PAGA penalties was barred by *res judicata*. Id. at 581. In response, the plaintiff argued that every Labor Code violation and PAGA penalty "involves a separate primary right." Id. Although the Villacres decision included a lengthy discussion of the "primary right" theory, the court ultimately determined that it need not decide which parties' definition of a primary right was correct because "[t]he disposition in this case does not turn on such broad propositions." Id. Instead, the Villacres court focused on the specific circumstances of the case and determined that *res judicata* did not apply because: plaintiff's PAGA claims could have been and should have

been raised in the prior action; plaintiff chose not to object to the settlement, not to intervene and not to opt out of the settlement; plaintiff instead remained silent, stayed in the class and accepted the benefits of the settlement; and the settlement agreement in the prior suit released plaintiff's PAGA claims.

Like the Villacres court, this Court need not decide the scope of a primary right because the specific circumstances of this case, namely the scope of the Tran Class Action Settlement and release, prove dispositive. In an analogous case, Mata v. Manpower Inc., No. 14-3787-LHK, 2016 WL 948997 (N.D. Cal. March 14, 2016), defendant Manpower Inc. argued that certain claims were barred by *res judicata* because of a prior class action settlement involving the same claims. In analyzing the second *res judicata* factor (whether the present action is on the same causes of action as the prior action), the court found that the prior class action complaint and the complaint in the pending action were not the same. Although both complaints recited claims under California Labor Code §203, the Labor Code Private Attorneys General Act of 2004 ("PAGA") and California's Unfair Competition Law ("UCL"), the causes of action in the complaints were not the same because: the prior class action complaint was "predicated upon the late mailing of paychecks," whereas the pending complaint "alleged failure to pay any wages whatsoever for certain hours worked." Mata, 2016 WL 948997 at 7. Further, based upon Manpower's representations, the court found that the release in the prior class action complaint was only intended to encompass claims based on untimely receipt of paychecks, not claims based on a complete failure to pay. Id. Because of the differences in the causes of action (and differences in the parties in the proceedings), the court held that *res judicata* did not bar the claims in the pending action. Id.

Similar to Mata, although the Tran Class Action and Plaintiff's instant action both involve a Labor Code waiting time cause of action[1], the causes of action are not based upon the same

---

[1] Compare Tran FAC at ¶33 ("Defendants failed to pay earned wages to [Tran]. . . at the time those wages became due and payable . . . . Thus Defendants violated Cal. Labor Sections 201 and 202. Accordingly, [Tran] seeks recover of waiting time penalties as provided under Labor Code Section 203."), with Lao Complaint at ¶¶57-59 ("As a pattern and practice Defendants regularly

underlying facts. The Tran Class Action was predicated on Defendant's alleged failure to provide meal and rest periods. Tran First Amended Complaint at ¶1. Tran alleged that she was required to perform numerous tasks both at the beginning and the end of her meal and rest breaks, and therefore she was not provided with 30 minutes of off-duty time for meal breaks or 10 minutes of off-duty time for rest breaks, nor paid one hour of wages for each meal/rest period violation. The Tran Class Action did not include allegations regarding security checks, unpaid wages based on an incorrect regular rate of pay or ATM cards, which are alleged in the instant action.

Moreover, the scope of the release in the Tran Class Action Settlement was tailored to the factual allegations in that complaint to encompass "all claims . . . that were alleged . . . or that could have been alleged based on the facts alleged in the First Amended Complaint. . . ." UF 10. The Claim Form similarly notified the class members that the Tran Class Action Settlement released "all claims, up through February 29, 2016, that were alleged in Plaintiff's First Amended Complaint, or that could have been alleged based on the facts alleged in the First Amended Complaint." UF 14. Because Tran's First Amended Complaint did not include factual allegations regarding security checks or ATM cards, the resulting Tran Class Action Settlement and judgment do not preclude Plaintiff's waiting time claim in this case based upon those allegations. The parties' Stipulation in the instant action is consistent with this result. Although the Stipulation does not expressly reference the waiting time claim, it states that the Tran Class Action Settlement does not apply to various claims that "resulted from alleged security checks." UF 20.

Defendant nevertheless contends that an employee is only entitled to a single waiting time penalty, regardless of the manner in which the employer willfully fails to pay wages due to an employee. Although it may be true that a plaintiff is not entitled to more than one waiting time

---

and willfully failed and refused to pay all wages (including commissions) due and earned to discharged employees at the time of their termination, or within 72 hours of employees who quit and/or have resigned, or at the time of termination for those employees who gave 72 hours' notice. . . . As such, Defendants had a uniform corporate pattern and practice and procedure regarding the above practices in violation of California Labor Code §§201-203. . . . [which] creates an entitlement to recovery by [Lao] . . . for the unpaid balance of the full amount of damages owed, including interest thereon, penalties, attorneys' fees, and costs of suit according to the mandate of California Labor Code and 218.5." ).

Case No.: 5:16-cv-00333-EJD
ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
9

penalty (see Reyes v. CVS Pharmacy, No. 14-964 MJ, 2016 (E.D. Cal. June 29, 2016), this presents a potential damages calculation issue, not a bar to Plaintiff's waiting time claim because he did not opt in to recover a waiting time penalty as part of the Tran Class Action Settlement.

## V.  CONCLUSION

For the reasons set forth above, Defendant's motion for partial summary judgment on the waiting time claim is DENIED.  With respect to the fourth cause of action, Plaintiff offers to dismiss the claim without prejudice.  Defendant, however, requests that the Court dismiss the fourth cause of action with prejudice.  In light of Defendant's evidence that Plaintiff never had to take a meal period shorter than thirty minutes due to a security check and Plaintiff's tacit admission that he lacks sufficient evidence to raise a triable issue on the fourth cause of action, the Court DISMISSES the fourth cause of action WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated:  October 25, 2017

EDWARD J. DAVILA
United States District Judge