UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SER LAO,<br><br>      Plaintiff,<br><br>v.<br><br>H&M HENNES & MAURITZ, L.P.,<br><br>      Defendant. | Case No. 5:16-cv-00333-EJD<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 112, 113 |

This matter is a wage and hour class action against the clothing retailer H&M Hennes & Mauritz, L.P. ("H&M") wherein Plaintiff, a former employee of H&M, contends that H&M violated various state laws by (1) requiring employees to undergo an off-the-clock security check before leaving their stores and (2) paying final wages to separated employees with Money Network ATM cards without first obtaining the employees' consent. Plaintiff's claims are based on California law. Both parties have moved for partial summary judgment on liability over the security check policy. Plaintiff's second and third causes of action are for failure to pay minimum wages and failure to pay overtime wages for the off-the-clock time employees must spend on the security checks. The court does not consider the Money Network ATM Card issue at this time.

Because material facts are subject to genuine dispute, the court denies both motions. The court has diversity jurisdiction under 28 U.S.C. Section 1332(d)(2) because Plaintiff is a citizen of California and H&M is a New York limited partnership, and the amount in controversy exceeds $5 million.

    I.    <u>Background</u>

H&M operates about 80 stores in California. Pl.'s Separate Statement of Facts No. 1. The company's policies apply to all of its California locations and all of its California employees are expected to comply with those policies. *Id*. No. 4. One such policy is the Internal Theft Prevention Policy. Def.'s Ex. 1-1 (the "Security Check Policy"). In relevant part, it provides:

Case No.: 5:16-cv-00333-EJD
ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
1

> All employees, regardless of position or assignment, that have entered a store carrying a bag, purse, briefcase, backpack, etc., will have that bag visually searched by a member of management (or Uniformed Guard where applicable) prior to exiting the store. The only exception is when an employee is only shopping on the sales floor. If an employee goes into an 'employee only' area (breakroom, manager's office, etc.) then they must be inspected before exiting the work location if they have a bag, purse, briefcase, backpack, etc.
>
> It is very important that all staff understand that when they leave the store, if a manager or security officer is not at the door, they need to seek out a manager and have their bag inspected. If an employee does not have a bag, purse, briefcase, backpack, etc., they do not need to wait for a member of management before exiting the store but inform a member of management that they are leaving the store for their safety. Any coats or jackets worn while exiting the store without a bag must be unzipped and unbuttoned.

*Id*. The policy has been in place for the entire class period. Def.'s Separate Statement of Facts No. 4. H&M contends that this is the extent of its policies concerning security checks such that only employees who bring a bag must go through an inspection of their bags and all other employees may leave without going through a check. H&M buttresses this position with deposition testimony from class members. One testified, "if you have a bag at the end of shift, we get what's called a bag check where the manager just kind of checks our bag to make sure everything in there is our stuff. And then once you get the bag check, we're allowed to leave. If you don't have a bag, then you don't need a bag check. They just – you ask for – you basically tell them, 'I'm walking out without a bag,' and that's it." Def.'s Ex. 3 at 10:14-23. Another testified, "[W]hen I don't have a bag or any personal belongings . . . . We can call for a walkout with a walkie-talkie and they just verbally say that I am walking out with no bag and they – we'd just hear a 'yes' and an 'okay' and we can leave and that's when they don't even have to inspect us. . . . [T]hey don't even have to see me." Def.'s Ex. 4 at 43:14-23.

Plaintiff contends that the Security Check Policy actually applies to all employees regardless of whether they bring a bag, so that all employees must go through a visual inspection, including opening their coats or jackets, by a supervisor or a security officer before they can leave. Plaintiff relies on the testimony of H&M's corporate designee for the Security Check Policy, who testified, "If an employee in California was wearing outerwear, I suppose they would need to have

Case No.: 5:16-cv-00333-EJD
ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
2

it open as they walked out." Pl.'s Ex. A at 156:14-16. Another of H&M's witnesses testified that employees without bags also had to go through visual inspections. Pl.'s Ex. B at 34:17-35:6.

The parties do not dispute that the bag inspections occur after employees have checked out. Pl.'s Fact No. 11. Plaintiff argues that the visual inspections also occur off the clock.

## II. The Class Certification Order

The court certified the security check class to the extent these claims are predicated upon wait time and security checks at the end of a shift and at closing. The court recognized that H&M's written policy states that only employees who bring a bag are subject to a security check in the form of a bag inspection. Dkt. No. 81 at 3. But, the court further noted that two of H&M's witnesses testified that all employees must undergo a visual inspection. *Id*. at 13-14. The class member depositions H&M cites in its summary judgment motion had not occurred by the time of the class certification order. The court found, "For purposes of class certification, Plaintiff has established that Defendant had a common security check practice that included a visual inspection of the employee and a bag check, if the employee carried a bag." *Id*. at 14.

## III. Legal Standard

Summary judgment is appropriate where the moving party shows that no genuine dispute as to any material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute is genuine only if there is sufficient evidence for a reasonable trier of fact to resolve the issue in the nonmovant's favor, and a fact is material only if it might affect the outcome of the case." *LivePerson, Inc. v. [24]7.ai, Inc*., 2018 WL 5849025, at *3 (N.D. Cal. Nov. 7, 2018) (citation omitted). "The court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Id*. (citation omitted). "The court may not weigh evidence or make credibility determinations on a motion for summary judgment." *Harrison v. Sofamor/Danek Grp., Inc*., 1998 WL 666707, at *3 (S.D. Cal. July 14, 1998).

Where the party moving for summary judgment will bear the ultimate burden of proof at trial, that party "must prove each element essential of the claims upon which it seeks judgment by undisputed facts" in order to prevail. *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co*., 891 F. Supp.

510, 513 (N.D. Cal. 1995). This showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Id*. If the party can make that showing, then the nonmoving party must "present significant probative evidence tending to support its claim or defense" to defeat the motion. *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc*., 213 F.3d 474, 480 (9th Cir. 2000).

But, if the moving party will not bear the burden of proof at trial, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos*., 210 F.3d 1099, 1102 (9th Cir. 2000). "If the moving party satisfies its initial burden of production, the nonmoving party must produce admissible evidence to show that a genuine issue of material fact exists." *LivePerson*, 2018 WL 5849025, at *3.

IV. <u>Analysis</u>

"In California, wage and hour claims are . . . governed by two complementary and occasionally overlapping sources of authority: the provisions of the Labor Code, enacted by the Legislature, and a series of 18 wage orders, adopted by the [Industrial Welfare Commission ("IWC")]." *Troester*, 5 Cal. 5th at 839 (citation and quotation omitted). "The IWC's wage orders are to be accorded the same dignity as statutes. They are presumptively valid legislative regulations of the employment relationship, regulations that must be given independent effect separate and apart from any statutory enactments." *Id*. (citations and quotations omitted).

IWC Order No. 2001-7 defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code Regs., tit. 8, § 11070(2)(G). "Hours worked" by an employee are compensable. *See Troester*, 5 Cal. 5th at 840; *Morillion v. Royal Packing Co*., 22 Cal. 4th 575, 587 (2000), *as modified* (May 10, 2000); *see also* Cal. Code Regs., tit. 8, § 11070 §§ 3(A)(1), 4(B). Plaintiff brings the at-issue claims under sections 510, 558, 1194, 1197, and 1197.1 of California's Labor Code. These sections of the Labor Code

Case No.: 5:16-cv-00333-EJD
ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
4

govern overtime pay and the minimum wage.

### a. H&M's Motion

H&M argues that it is entitled to summary judgment because it only requires employees who bring a bag to undergo a security check before leaving. H&M asks this court to adopt the holding of *Frlekin v. Apple Inc.*, where another court in this district found that "plaintiffs could all freely choose not to bring bags to work, thereby avoiding Apple's restrictions during exit searches. That free choice is fatal to their claims" that time spent waiting for bag checks was compensable. 2015 WL 6851424, at *9 (N.D. Cal. Nov. 7, 2015). In other words, because employees choose whether to bring a bag to work, they are not under the control of their employer if their employer institutes a bag-check policy. This court, though, need not decide whether to follow *Frlekin* because there is a genuine dispute as to whether the Security Check Policy requires all employees to undergo a visual inspection, or only employees who bring a bag to undergo a bag check. Various witnesses have given conflicting testimony on this point, and it is not for this court to weigh that evidence at this stage in the proceedings. *Compare* Def.'s Ex. 3 at 10:14-23; Def.'s Ex. 4 at 43:14-23 (testifying that only employees with bags had to undergo a security check) *with* Pl.'s Ex. A at 156:14-16; Pl.'s Ex. B at 34:17-35:6 (testifying that all employees must go through a visual inspection). H&M's motion is denied.

### b. Plaintiff's Motion

Plaintiff moves for summary judgment on the theory that H&M requires all employees to undergo an off-the-clock visual inspection at the end of their shift or when closing a store, which amounts to H&M exercising "control" over the employees under California law. Therefore, Plaintiff argues that it is entitled to summary judgment. H&M counters that under *Troester*, 5 Cal. 5th at 484, and the Ninth Circuit's decision in *Rodriguez v. Nike Retail Servs., Inc.*, 928 F.3d 810, 818 (9th Cir. 2019) (applying *Troester*), the time spent on the security checks was so brief and/or irregular as to not warrant relief. Plaintiff argues that the holdings of *Troester* and *Rodriguez* do not allow for such a defense. Plaintiff misreads those cases. In *Troester*, the California Supreme Court "le[ft] open whether there are wage claims involving employee activities that are so

Case No.: 5:16-cv-00333-EJD
ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
5

irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them.'" 5 Cal. 5th at 848. And in *Rodriguez*, the Ninth Circuit found that the *Troester* holding does not "require employers to 'account for split-second absurdities,' and it might not apply in cases where work is so 'irregular that it is unreasonable to expect the time to be recorded.'" 928 F.3d 818 (quoting *Troester*, 5 Cal. 5th at 834, 845-46). Thus, irregular security checks may not be compensable.

Because the breadth of the Security Check Policy is in dispute, Plaintiff's motion must be denied. If the policy only applies to bags, then the court cannot find as matter of law that the security checks are not so irregular as to make it unreasonable for the time spent on the checks to be compensable. In *Troester*, the plaintiff had to engage in off-the-clock work "every closing shift." 5 Cal. 5th at 835. And the *Rodriguez* plaintiffs had to go through inspections "each time they le[ft] the store." 928 F.3d at 812. The facts here are distinguishable because not every employee brings a bag each time they go to work. *See, e.g.*, Def.'s Ex. 3 at 14:3-8; Def.'s Ex. 5 at 10:8-19; Def.'s Ex. 6 at 47:21-49:4. Moreover, evidence suggests that the bag checks may take just a handful of seconds. *See, e.g.*, Pl's Mot. at 7 (quoting Pl.'s Ex. A at 161:15-19). The court finds that whether the security checks are too brief or irregular to warrant relief cannot be decided on summary judgment. Plaintiff's motion is denied.

V. Conclusion

For the reasons stated above, both parties' summary judgment motions are denied.

**IT IS SO ORDERED.**

Dated: November 25, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-00333-EJD
ORDER DENYING MOTIONS FOR PARTIAL SUMMARY JUDGMENT
6