**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Kristen M. Agnew, State Bar No. 247656
E-mail: kagnew@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
E-mail: nrosenthal@diversitylaw.com
Max W. Gavron, State Bar No. 291697
E-mail: mgavron@diversitylaw.com
Kwanporn "Mai" Tulyathan, State Bar No. 316704
E-mail: ktulyathan@diversitylaw.com
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class
(Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SER LAO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>H & M HENNES & MAURITZ, L.P., a New York limited partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:16-cv-333 EJD<br><br>**DECLARATION OF SER LAO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       April 30, 2020<br>Time:       9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge:      Hon. Edward J. Davila |

1

DECLARATION OF SER LAO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

1  **POLARIS LAW GROUP LLP**
   William L. Marder, State Bar No. 170131
2  Email: bill@polarislawgroup.com
   501 San Benito Street, Suite 200
3  Hollister, CA 95023
   (831) 531-4214
4  (831) 634-0333 facsimile

5  **HYUN LEGAL, APC**
   Dennis S. Hyun, State Bar No. 224240
6  E-mail: dhyun@hyunlegal.com
   515 S. Figueroa Street, Suite 1250
7  Los Angeles, CA  90071
   (213) 488-6555
8  (213) 488-6554 facsimile

9

10  Attorneys for Plaintiff and the Class

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**DECLARATION OF SER LAO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**
**CASE NO. 5:16-CV-333 EJD**

# DECLARATION OF SER LAO

I, Ser Lao, hereby declare and state as follows:

1. I am the named plaintiff in this matter. I am an individual over the age of 18 years old. I have personal knowledge of the facts set forth below, and if called to testify I could and would do so competently.

2. I was previously employed by Defendant H & M Hennes & Mauritz, L.P. ("Defendant" or "H&M") as a non-exempt employee from about March 3, 2014, until about September 23, 2015. I worked in Defendant's retail store located in Fresno, California.

3. Throughout my employment with Defendant, I allege that I was subjected to the same security check and vision inspection policy as other employees. Specifically, I allege that Defendant required me to undergo a security check and/or visual inspection at the end of each shift. The security checks and visual inspections were always conducted off-the-clock, after I had clocked out for my shifts and before leaving the store. Since I had already clocked out, all of the time spent waiting for and undergoing the security checks and visual inspections at the end of my shifts was off-the-clock and I was not paid for this time.

4. During my employment, I elected to receive my wages via direct deposit. However, at the time of my termination of employment on September 23, 2015, Defendant issued my final wages to me in the form of a pay card. I never consented or gave authorization to receive my final wages by way of pay card. I have never signed any type of authorization form. Rather, Defendant automatically issued the pay card to me. Moreover, I incurred various charges to use the pay card, which resulted in me getting paid less than all of my final wages.

5. During the pendency of this lawsuit, I was required to provide assistance to my attorneys. This included meeting and conferring with my attorneys on numerous occasions; providing my attorneys with documents and information; reviewing the pleadings and documents in this case; preparing for, traveling to, and sitting for my deposition; and preparing for, traveling to, and attending the settlement conference. In connection with the prosecution of my case, I

3

DECLARATION OF SER LAO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

traveled from Fresno to San Jose twice, to sit for my deposition and to attend the settlement conference. In sum, I estimate that I spent approximately 80 hours in connection with this case.

6. Throughout this case, I have continuously been kept apprised of the status of this case.

7. I understand that the class claims alleged in this action were brought on behalf of other similarly situated employees, and thus I am acting as a representative for the Class. As the class representative, I understand that it is my responsibility to act in the Class's best interest and not my own. I agree that I will not put my own interests ahead of that of the Class. Moreover, I am not aware of any conflicts that exist between my interest and the interests of the Class that would impair or affect my ability to serve as representative for the Class.

8. I have and continue to be willing to assist in the investigation of this matter, as well as make myself available for trial or any further proceeding in this matter as required to represent the interests of the Class. I also understand my duties and responsibilities to the Class and will carry out those duties as necessary.

9. Based on my understanding of the case, I am of the opinion that settlement for the consideration and on the terms set forth in the Settlement Agreement are fair, reasonable, and adequate and is in the best interests of the Class.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on February 14, 2020, at Fresno, California.



Ser Lao

DECLARATION OF SER LAO IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD