1  Larry W. Lee (State Bar No. 228175)
   lwlee@diversitylaw.com
2  Kristen M. Agnew (State Bar No. 247656)
   kagnew@diversitylaw.com
3  Nicholas Rosenthal (State Bar No. 268297)
   nrosenthal@diversitylaw.com
4  Max R. Gavron (State Bar No. 291697)
   mgavron@diversitylaw.com
5  Kwanporn "Mai" Tulyathan (State Bar No. 316704)
   ktulyathan@diversitylaw.com
6  **DIVERSITY LAW GROUP, P.C.**
7  515 S. Figueroa St., Suite 1250
   Los Angeles, CA 90071
8  (213) 488-6555
   (213) 488-6554 facsimile
9
   Attorneys for Plaintiff and the Class
10 (Additional Counsel on Next Page)

11 **MANATT, PHELPS & PHILLIPS, LLP**
   ROBERT H. PLATT (Bar No. CA 108533)
12 rplatt@manatt.com
   ANDREW L. SATENBERG (Bar No. CA 174840)
13 asatenberg@manatt.com
   ALMA PINAN (Bar No. CA 322693)
14 apinan@manatt.com
   2049 Century Park East, Suite 1700
15 Los Angeles, CA 90067
   Telephone: (310) 312-4000
16 Facsimile: (310) 312-4224

17 Attorneys for Defendant
   H&M HENNES & MAURITZ, L.P.
18

19                **UNITED STATES DISTRICT COURT**

20               **NORTHERN DISTRICT OF CALIFORNIA**

21 | SER LAO, as an individual and on behalf | Case No. 5:16-cv-333 EJD |
   | of all others similarly situated, | |
22 | | **JOINT STIPULATION OF CLASS ACTION** |
   |               Plaintiffs, | **SETTLEMENT AND RELEASE** |
23 | | |
24 |            vs. | Complaint Filed:        December 11, 2015 |
25 | H & M HENNES & MAURITZ, L.P., a | |
   | New York limited partnership; and DOES | |
26 | 1 through 50, inclusive, | |
27 | | |
   |               Defendants. | |
28 | | |

1

William L. Marder (State Bar No. 170131)
bill@polarislawgroup.com
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
**HYUN LEGAL, APC**
515 S. Figueroa St., Suite 1250
Los Angeles, CA  90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

Subject to preliminary and final approval by the Court, Plaintiff Ser Lao ("Plaintiff") by and through his attorneys of record, and Defendant H & M Hennes & Mauritz, L.P. ("Defendant" or "H&M"), by and through its attorneys of record, respectively, (collectively, the "Parties") agree to the following binding terms (the "Agreement") for the settlement of the class action entitled *SER LAO, as an individual and on behalf of all others similarly situated, Plaintiffs, vs. H & M HENNES & MAURITZ, L.P., a New York limited partnership; and DOES 1 through 50, inclusive,* pending before the United States District Court for the Northern District of California, Case 5:16-cv-333 EJD ("Action"):

### I. RECITALS

1.  **WHEREAS,** on or about October 9, 2015 and October 13, 2015, Plaintiff's Counsel sent a letter to the California Labor and Workforce Development Agency ("LWDA") pursuant to California Labor Code § 2699.3 seeking to exhaust Plaintiff's administrative remedies under the Private Attorneys General Act of 2004 ("PAGA"), Labor Code § 2698, *et seq.* Plaintiff's PAGA letter specifically identified violations of Labor Code §§ 201-204, 212, 213, 226(a), 226.7, 510, 512, 558, 1194, 1197, and 1197.1.

2.  **WHEREAS,** on or about December 11, 2015, Plaintiff commenced this Action in the Santa Clara Superior Court for the State of California, alleging the following causes of action: (1) violation of Labor Code § 226(a) for failure to provide accurate wage statements; (2) violation of Labor Code §§ 558, 1194, 1197, and 1197.1 for failure to pay minimum wages; (3) violation of Labor Code §§ 510, 558, 1194, and 1197.1 for failure to pay overtime wages; (4) violation of Labor Code §§ 226.7 and 512 for failure to provide proper meal breaks; (5) violation of Labor Code § 226.7 for failure to provide proper rest breaks; (6) violation of Labor Code §§ 201-203 for failure to pay earned and unpaid wages at the time of separation; (7) violation of the PAGA predicated on the above-stated Labor Code violations; and (8) violation of the California Business & Professions Code § 17200, *et seq.* for unfair business practices.

3.  **WHEREAS,** on January 21, 2016, Defendant filed a Notice of Removal of Civil Action to United States District Court for the Northern District of California pursuant to the Class

DocuSign Envelope ID: 00B2386F-CEEA-4787-A722-549250B891CC

1     Action Fairness Act of 2005.

2         4.     **WHEREAS**, Plaintiff contends that he and the class he seeks to represent are

3 entitled to unpaid wages, damages, statutory and civil penalties, and other remedies as a result of

4 Defendant's alleged misconduct, specifically based on Defendant's company-wide policies and

5 practices for (1) requiring employees to undergo off-the-clock security checks and visual

6 inspection checks before leaving retail stores at the end of their shifts, and (2) automatically issuing

7 Money Network Paycards to pay final wages to separating employees without obtaining each

8 separating employee's authorization.

9         5.     **WHEREAS**, Defendant denies that it has engaged in any alleged unlawful conduct,

10 denies that it has violated any statute, principle of common law or equity, rule or regulation, and

11 maintains that it has complied at all times with California law by, including, but not limited to,

12 compensating employees for all wages earned, including that its security checks do not fail to

13 compensate employees for time worked, and that its use of pay cards to issue final wages does not

14 deny employees access to all wages earned in a timely manner.

15         6.     **WHEREAS**, Plaintiff filed his Motion for Class Certification on or about

16 December 13, 2017, which was heard before Judge Edward J. Davila on May 17, 2018.

17         7.     **WHEREAS,** on or about July 26, 2018, the California Supreme Court issued its

18 opinion in *Troester v. Starbucks Corp.*, Cal. Case No. S234969, 2018 WL 3582702 (Cal. July 26,

19 2018), holding that the *de minimis* doctrine does not apply to California Labor Code claims. Thus,

20 the Parties subsequently filed Notices of New Authority addressing the Supreme Court's decision.

21 On August 8, 2018, the Court granted class certification, in part.

22         8.     **WHEREAS**, based on the Court's class certification ruling, the Parties thus

23 continued to litigate only the certified class claims. With respect to the certified security check

24 claims, both Parties moved for partial summary judgment on liability over the security check

25 policy. On August 29, 2019, Plaintiff filed his motion for partial summary judgment, arguing that

26 Defendant exercised "control" over class members by requiring all class members to undergo off-

27 the-clock security checks and visual inspections at the end of their shift or when closing a retail

28 store. Thus, Plaintiff believes that this constitutes compensated paid time pursuant to *Morillion v.*

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

1    *Royal Packing Co.*, 22 Cal. 4th 575 (2000) and *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

2    Defendant filed its cross-motion for partial summary judgment on September 26, 2019, arguing

3    that it is entitled to summary judgment because it only requires employees who bring a bag to

4    undergo security checks prior to leaving the store. Thus, pursuant to *Frlekin v. Apple Inc.*, 2015

5    WL 6851424 (N.D. Cal. Nov. 7, 2015), Defendant argues that class members have a choice as to

6    whether to bring a bag to work, and thus are not necessarily under the "control" of Defendant. On

7    November 25, 2019, the Court denied both Parties' summary judgment motions, finding that

8    whether Defendant mandated security checks for all retail stores or only employees with bags was

9    a disputed question of material fact.

10        9.    **WHEREAS**, on November 7, 2019, Defendant moved to decertify the class with

11   respect to Plaintiff's certified security check claims. Defendant did not challenge the Money

12   Network Paycard Subclass. On December 30, 2019, the Court denied Defendant's motion to

13   decertify the class.

14        10.   **WHEREAS**, this proposed settlement is the result of extensive arm's length

15   settlement negotiations that have taken place between the Parties. In January 2019, the Parties

16   previously attended a full day of private mediation with wage and hour class action mediator, Mark

17   S. Rudy, but was unsuccessful in resolving the matter at that time. Further, the Parties engaged in

18   continued settlement negotiations with Mr. Rudy over the span of one year to no avail. Then, on

19   January 10, 2020, the Parties subsequently participated in a Settlement Conference before

20   Magistrate Judge Nathanael M. Cousins, during which the Parties ultimately agreed to enter into

21   this proposed settlement.

22        11.   **WHEREAS**, after extensive discovery conducted in this matter, including

23   depositions of Plaintiff, FRCP 30(b)(6) witnesses, class members, production of class data and

24   expert discovery, extensive litigation of this Action, and after considering the briefing, hearing,

25   and various rulings in this matter, including class certification and summary judgment, as well as

26   the merits and the applicable law, Plaintiff and his counsel have concluded that: (i) it is in the best

27   interests of the Settlement Class (defined below) to enter into the settlement described herein in

28   order to avoid the risk and uncertainties involved with proceeding with trial and to assure benefits

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

DocuSign Envelope ID: 00B2386F FCEEA 4787 A72D 5492505891CG

to the Settlement Class Members (defined below); and (ii) the terms and conditions of this Agreement, and the settlement contemplated hereby, are fair, reasonable and adequate and in the best interests of all of the Class Members.

12.     **WHEREAS**, Defendant has also conducted substantial investigation into the allegations raised by Plaintiff in the Action and evaluated the information elicited through discovery and extensive litigation and has concluded that, despite its good faith belief that it is not liable for any of the claims asserted in the Action and that it has good defenses to those claims, it will enter into this Agreement to obtain the conclusive and complete settlement of the Action and avoid: (i) the further expense, inconvenience and burden involved with trial; (ii) the distraction and diversion of its personnel and resources; and (iii) the risk and uncertainty of the outcome inherent in any litigation;

13.     **WHEREAS,** the Parties hereto agree that this Agreement shall not be deemed or construed to be an admission or evidence of any violation of any statute, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever by Defendant, or the truth of any of the claims asserted in the Action;

14.     **NOW THEREFORE**, in consideration of the mutual covenants, promises and warranties set forth herein, Plaintiff, the Settlement Class (defined below) and Defendant agree, subject to Court approval, that this Action, and any claims, damages, or causes of action arising out of the facts and allegations set forth in the certified class claims, including, but not limited to, failure to properly all minimum, regular and overtime wages from time spent undergoing security checks and visual inspections; failure to pay final wages owed to separating employees in a timely manner after termination, including due to the use of pay cards as a form of payment of wages; and any derivative claims pursuant to PAGA and Business and Professions Code § 17200, *et seq.*,. The purpose of this Agreement is to memorialize the Parties' agreement reached pursuant to the acceptance by both Parties of the settlement framework and amount following the January 10, 2020 Settlement Conference with Judge Nathanael M. Cousins and to settle and compromise all claims by Plaintiff and the Settlement Class Members against Defendant, any of its past, present and future parents, owners, subsidiaries, affiliates, successors-in-interest, assigns, auditors,

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

accountants, experts, contractors, partners, insurers, reinsurers, and other parties acting on their behalf, officers, directors, shareholders, employees, agents, and representatives.

## II. REPRESENTATION OF THE PARTIES

1.     Counsel for the Settlement Class (referred to herein as "Class Counsel") are Larry W. Lee, Kristen M. Agnew, Nicholas Rosenthal, Max W. Gavron, and Kwanporn "Mai" Tulyathan of Diversity Law Group, P.C., 515 S. Figueroa, Street, Suite 1250, Los Angeles, CA 90071; William L. Marder of Polaris Law Group LLP, 501 San Benito Street, Suite 200, Hollister, CA 95023; and Dennis S. Hyun of Hyun Legal, APC, 515 S. Figueroa, Street, Suite 1250, Los Angeles, CA 90071. Counsel for Defendant are Robert H. Platt, Andrew L. Satenberg, and Alma Pinan of Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067.

2.     Class Counsel conducted an extensive investigation of the facts surrounding the claims asserted in this Action prior to filing suit, including interviewing current and former employees of Defendant, subpoenaing and taking depositions of approximately 40 current and former employees of Defendant, reviewing various documents obtained from those employees, and subpoenaing documents from the third party company that generates the ATM cards distributed by Defendant to its separated employees.  Class Counsel also propounded multiple rounds of written discovery and requests for production of documents, and conducted the depositions of Defendant's FRCP 30(b)(6) Corporate Representatives regarding issues impacting class certification and liability.  Class Counsel also obtained class payroll data and retained an expert to analyze damages and penalties in this matter.  Defendant's counsel likewise conducted a thorough internal investigation surrounding Plaintiff's claims, including analysis of time and payroll records and related information.  Defendant's counsel also took the depositions of Plaintiff, certain Class Members and Plaintiff's expert.  In addition, given that the Parties participated in private mediation, Defendant also produced information regarding the size and scope of the putative class and the pending claims, which Class Counsel thoroughly reviewed and analyzed.

3.     The Parties participated in full-day mediation before Mark S. Rudy, Esq. in San Francisco on January 9, 2019. Mr. Rudy is an experienced class action mediator in California. Despite subsequent discussions and negotiations, the Parties were not able to reach an agreement

1   on that day.

2       4.      At the Court's direction, the Parties participated in a Settlement Conference with

3   Magistrate Judge Nathanael M. Cousins on January 10, 2020.  After arm's length negotiations, the

4   settlement conference resulted in a settlement framework and gross settlement amount that was

5   accepted by both Parties.  The Parties further agreed to enter into this Agreement to memorialize

6   the settlement of this Action.

7                           **III.  TERMS OF SETTLEMENT**

8       **A.      Settlement Parties**

9       1.      **"Settlement Class Period" or "Class Period"**. The members of the

10  Settlement Class include all non-exempt retail store employees who were employed by Defendant

11  in the State of California at any time from January 8, 2013, through the October 31, 2019

12  ("Settlement Class Period" or "Class Period")).

13      2.      **"Class and Class Member(s)" of "Settlement Class" Definition**.  All

14  non-exempt retail store employees who were employed by Defendant in the State of California at

15  any time during the Settlement Class Period.  Defendant represents that through October 31, 2019,

16  the Settlement Class will not exceed 13,500 individuals.  Should the number of Class Members

17  exceed 13,500 individuals, Plaintiff shall have the option to terminate this Settlement.   Any such

18  request to terminate the Settlement must be made within five (5) business days of when Class

19  Counsel learns of the actual number of Class Members.

20      3.       **"Plaintiff" or "Class Representative" Definition**. Plaintiff Ser Lao.

21  Plaintiff worked for Defendant for approximately eighteen (18) months prior to his termination of

22  employment.  Plaintiff has no conflicts with the Settlement Class and has agreed to represent the

23  Settlement Class. Class Counsel believes that Plaintiff is an adequate class representative.

24      4.      "**Released Claims" Definition.**  Plaintiff and members of the Settlement

25  Class release any of the Released Parties from the following claims that arose at any time during

26  the Settlement Class Period:

27          a.      Any claims, damages, or causes of action for any alleged failure to

28  pay all wages and penalties owed at the time of separation of employment due to the use of pay

DocuSign Envelope ID: 00B2386F-CEEA-4787-A72D-54925D889156

cards as a form of payment of wages, pursuant to California Labor Code §§ 201-203, 212-213, and PAGA, California Labor Code § 2698, *et seq.*; and

        b.    Any claims, damages, or causes of action for unpaid wages and penalties due to time spent undergoing security checks and visual inspections, including, but not limited to, claims for unpaid minimum, regular and overtime wages and penalties pursuant to California Labor Code §§ 201-203, 226, 558, 1194, 1197, 1197.1, PAGA, California Labor Code § 2698, *et seq.*, and Business and Professions Code § 17200, *et seq.*

        5.    **"Released Party" Definition**. Defendant H & M Hennes & Mauritz, L.P., including its past, present and future parents, owners, subsidiaries, affiliates, successors-in-interest, assigns, auditors, accountants, experts, contractors, partners, insurers, reinsurers, and other parties acting on their behalf, officers, directors, shareholders, employees, agents, attorneys, and representatives.

## B.    Settlement Amount and Terms

        1.    **Class Settlement Amount**. The Class Settlement Amount that Defendant will be obligated to pay in connection with the Settlement shall be Three Million Eight Hundred Thousand Dollars and Zero Cents ($3,800,000.00), to be paid by Defendant in full satisfaction of all claims arising from the Action, which includes, but is not limited to, attorneys' fees, costs, and expenses directly related to the Action, which includes all such fees, costs, and expenses incurred to date, as well as all such fees, costs, and expenses incurred in documenting the Settlement, securing the Court approval of the Settlement, administering the Settlement (including the Claims Administrator's fees and expenses), the PAGA payment to the California Labor and Workforce Development Agency and the enhancement payment to the Class Representative, as approved by the Court.  This settlement is non-reversionary, such that no portion of the monies shall revert back to Defendant.

        2.    **Payment by Defendant**. Defendant shall make a transfer of all moneys owed under the Agreement to a Qualified Settlement Fund ("QSF") established by the Claims Administrator at the time prescribed herein, and the Claim Administrator will distribute all settlement proceeds payable after the Effective Date in accordance with the terms set forth in this

Agreement.

3. **Responsibility for Employer Taxes**. To the extent that any portion of Class Members' settlement proceeds constitute wages, Defendant will be separately responsible for the employer-paid portion of any taxes, including the employer-paid portion of FICA, Medicare, FUTA, and SDI contribution, which shall not be paid from the Class Settlement Amount.  These funds, however, will be sent to, and distributed from, the QSF.  Class Members' portion of taxes will be deducted by the Claims Administrator and remitted as required by law.

4. **Class Representative Enhancement Payment**. Defendant will not oppose Plaintiff's application to the Court for a Class Representative Enhancement Payment in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) to Plaintiff Ser Lao to be paid out of the Class Settlement Amount, in addition to Plaintiff's Individual Settlement Payment, in recognition of his efforts and work in prosecuting the Action on behalf of the Settlement Class Members, which included preparing and sitting for his deposition, meeting with his counsel, attending the settlement conference, and reviewing the pleadings and documents in this case, as well as for his general release of claims.  The enhancement shall be independent of any other benefits to which Plaintiff may be entitled as a Class Member pursuant to this Agreement. Claims Administrator will issue an IRS Form 1099 for the Class Representative Enhancement Payment and Plaintiff Ser Lao will be responsible for correctly characterizing this payment for tax purposes and to pay any taxes owing on said amount.  A reduction by the Court of this Enhancement is not grounds to void this Agreement.

5. **Attorneys' Fees and Costs**. Class Counsel may apply to the Court for attorneys' fees in the amount of up to one-third (⅓) of the Class Settlement Amount, equal to One Million Two Hundred Sixty-Six Thousand Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($1,266,666.67), and up to Two Hundred Fifty Thousand Dollars and Zero Cents ($250,000.00) for reimbursement of litigation costs, both subject to Court approval.  Defendant has agreed not to oppose Class Counsel's request for fees and reimbursement of costs and expenses as set forth herein, which remains within the discretion of the Court.  Claims Administrator shall issue an IRS Form 1099 to Class Counsel reflecting the awarded attorneys' fees, costs and expenses.  Should

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

DocuSign Envelope ID: 00B2386F-CEEA-4787-A72D-F492FGB891CC

1   Plaintiff and/or Class Counsel request a lesser amount for attorneys' fees and/or the Court approve

2   a lesser amount, the difference between the lesser amount and the maximum attorneys' fees

3   permitted to be sought by the terms of this Paragraph will be added to the Net Settlement Proceeds.

4   In consideration of their awarded attorneys' fees and expenses, Class Counsel waives all claims to

5   any further attorneys' fees, costs and expenses in connection with the Action.  Class Counsel,

6   however, reserves the right to appeal an Order reducing the fees requested by Class Counsel,

7   though they waive any right to seek fees in connection with that appeal, and Defendant waives any

8   right to oppose said appeal.  A reduction by the Court of Class Counsel attorneys' fees, or the

9   rejection of any appeal, is not grounds to void this Agreement.

10   　　　　　6.   **Claims Administration Expenses**. The Parties agree to pay a Claims

11   Administrator, which is agreed to as Phoenix Settlement Administrators, an independent third

12   party, which was mutually chosen by Class Counsel and Defendant's counsel, for its fees and

13   expenses related to services rendered on this case in an amount up to Forty One Thousand Seven

14   Hundred and Fifty Dollars and Zero Cents ($41,750.00) payable from the Class Settlement

15   Amount.  However, the Parties hereby acknowledge that the Claims Administration Expenses may

16   increase above the current estimate of Forty One Thousand Seven Hundred and Fifty Dollars and

17   Zero Cents ($41,750.00) and that any such additional Claims Administration Expenses that are

18   approved by counsel for the Parties shall be taken out of the Class Settlement Amount.  The Parties

19   each represent that they do not have any financial interest in the Claims Administrator or otherwise

20   have a relationship with the Claims Administrator that could create a conflict of interest.

21   　　　　　7.   **PAGA Settlement Amount**. This shall be the amount that the Parties have

22   agreed to pay the Labor and Workforce Development Agency ("LWDA") in connection with the

23   PAGA claim.  Subject to Court approval, the Parties agree that the amount of One Hundred

24   Thousand Dollars and Zero Cents ($100,000.00) from the Class Settlement Amount will be

25   designated for satisfaction of Plaintiff's and Class Members' PAGA claims ("PAGA Settlement

26   Amount").  Pursuant to PAGA, seventy-five percent (75%), or Seventy-Five Thousand Dollars

27   and Zero Cents ($75,000.00), of the PAGA Settlement Amount will be paid to the LWDA, and

28   twenty-five percent (25%), or Twenty-Five Thousand Dollars and Zero Cents ($25,000.00) of the

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

PAGA Settlement Amount, will become part of the Net Settlement Proceeds. Pursuant to the July 1, 2016 amendments to PAGA, this settlement will be forwarded to the LWDA by Class Counsel or the Claims Administrator and any reallocation of settlement proceeds to increase the PAGA payment will not constitute grounds by either party to void this Agreement, so long as the Class Settlement Amount remains the same.

8. **Net Settlement Proceeds**. After deducting the Class Representative Enhancement Payment, Class Counsel's awarded attorneys' fees and costs, the PAGA Settlement Amount apportioned to the LWDA, and the Claims Administration Expenses, the balance of the Class Settlement Amount will constitute the "Net Settlement Proceeds." The portion of the Net Settlement Proceeds attributed to Settlement Class Members shall be distributed on a pro-rata basis as follows:

a. For each Settlement Class Member, Defendant will provide the Claims Administrator with the name, most recent address, telephone number, Social Security number, dates of employment during Class Period, and any other relevant information needed to calculate settlement payments (collectively "Settlement Class List and Data") within twenty-one (21) calendar days following the Preliminary Approval of the Settlement;

b. The Claims Administrator will calculate each Settlement Class Member's estimated settlement amount ("Estimated Individual Settlement Payment") based upon each Settlement Class Member's number of Workweeks ("Workweek Points"), as follows:

(1) Each Settlement Class Member will be assigned one (1) Workweek Point for every seven (7) days employed during the Settlement Class Period;

(2) The Workweek Points of all Settlement Class Members for the Settlement Class Period will be totaled ("Total Workweek Points");

(3) The Settlement Class portion of the Net Settlement Proceeds will be divided by the Total Workweek Points, and the resulting number will be the "Workweek Point Value";

(4) Each Settlement Class Member's Workweek Points will be multiplied by the Workweek Point Value, and the resulting number will equal each Settlement

Class Member's Estimated Individual Settlement Payment.

c. The Claims Administrator shall be responsible for applying the formula set forth here to determine the Estimated Individual Settlement Payment of each Settlement Class Member, subject to Defendant providing the Claims Administrator with the necessary data and the Estimated Individual Settlement Payment will be stated on the Notice sent to each Settlement Class Member.

9. **Actual Individual Settlement Payments**. Once all requests for exclusion(s) have been submitted, the Claims Administrator will allocate the Net Settlement Proceeds to Settlement Class Members who have not submitted timely and valid requests for exclusion or requests for exclusion otherwise accepted by the Claims Administrator.

10. **Classification of Settlement Payments**. Eighty percent (80%) of settlement payments made to each Settlement Class Member pursuant to this Agreement are considered compensation for statutory penalties and interest and are not subject to withholdings. Twenty percent (20%) of the settlement payment made to each Settlement Class Member are considered wages and will be subject to all applicable withholdings, including FICA, FUTA, SDI and Medicare. Class Counsel and Defendant's Counsel do not purport this communication to constitute legal advice. To the extent that this Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any U.S. Federal tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding penalties under the Internal Revenue Code.

11. **Circular 230 Disclaimer**. EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE

MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 C.F.R. PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

12. **No Effect On Benefits**. The Individual Settlement Payments paid to Settlement Class Members and the Class Representative Enhancement Payment paid to Plaintiff shall be deemed not to be "pensionable" earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, vacation, holiday pay, retirement plans, etc.) of Settlement Class Members or Plaintiff. The Parties agree that any Individual Settlement Payments or the Class Representative Enhancement Payment paid to Settlement Class Members or Plaintiff under the terms of this Agreement do not represent any modification of Settlement Class Members' or Plaintiff's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or any other plan or program, sponsored by Defendant. Further, any Individual Settlement Payments or the Class Representative Enhancement Payment paid hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan,

1  employee welfare benefit plan, or any other plan or program sponsored by Defendant.

2      **C.**      **Process for Approval of Settlement**

3          1.      **Preliminary Approval**. Class Counsel will move the Court for preliminary

4  approval of the Settlement as soon as practicable as permitted by the Court. Defendant will not

5  oppose said motion brought in accordance with the terms of this Agreement. Class Counsel shall

6  apply for a Preliminary Approval Order that contains the following provisions:

7          a.      Conditionally certifying the Class for settlement purposes only;

8          b.      Preliminarily approving the Agreement under the legal standards

9  relating to the preliminary approval of class action settlements;

10          c.      Approving the form of the Notice Packet (as defined below in

11  Paragraph (C)(3)), and finding that the proposed method of disseminating the Class Notice is the

12  best notice practicable under the circumstances;

13          d.      Approving Phoenix Settlement Administrators as the Claims

14  Administrator;

15          e.      Establishing the procedures and the deadline by which Class

16  Members may assert objections to, or request exclusion from, the Settlement;

17          f.      Setting a date for the Final Approval Hearing; and

18          g.      Setting a date that is approximately seven (7) days before the date

19  of the Final Approval Hearing by which the Parties must file their respective responses to any

20  objections to the Settlement that were filed by Class Members on or before the Objection Deadline.

21          2.      **Claims Administrator**. The Parties agree that the Claims Administrator

22  shall have the authority to mail the Class Notice, create and administer the Class Settlement

23  Amount, process any Request(s) for Exclusion, and disburse sums from the Class Settlement

24  Amount. The Claims Administrator must have adequate security to protect the privacy rights of

25  the employees about whom it is receiving information, and to protect the QSF, and must

26  memorialize this in a contract that meets with the approval of the Parties.

27          3.      **Notice Packet**. The Parties will jointly draft a Notice of Class Action

28  Settlement ("Notice Packet") and submit it to the Court for approval. Settlement Class Members

will not be required to submit a claims form to participate in the Settlement. The Notice Packet will include, non-exclusively, information regarding the nature of the Action, a summary of the substance of the Settlement, the Class definition, the time period for objecting or seeking exclusion, the date for the final approval hearing, and the formula used for the Individual Settlement Payments. The Notice Packet shall include the time period during which the Settlement Class Members were employed during the applicable Settlement Class Period and each Member's Estimated Individual Settlement Payment. If the employment dates listed on the Notice Packet is disputed, the Settlement Class Member disputing the information may produce evidence to the Claims Administrator showing such employment dates he or she contends should be shown on the Notice Packet, through the dispute process described in Paragraph III(E), below.

4. **Provision of Class Member Names to Claims Administrator**. Subject to the Claims Administrator providing adequate assurances with respect to confidentiality and data security, which restricts the Claims Administrator's use of personal information provided by Defendant to actions necessary to implement this Settlement, and which indemnifies Defendant against any data security breaches resulting from the intentional or negligent acts of the Claims Administrator and its employees and agents, within twenty-one (21) calendar days after Preliminary Approval of the Settlement, Defendant shall provide the Claims Administrator with the Settlement Class List and Data. Defendant's sole responsibility with regard to administration is to provide the Settlement Class List and Data in an electronic form that is useable and agreed upon by the Claims Administrator.

5. **Mailing of Notice**. Within ten (10) calendar days of receipt of the Settlement Class List and Data, the Claims Administrator shall mail the Notice Packet to the Settlement Class Members via first-class regular U.S. Mail. Settlement Class Members will have forty-five (45) days from the mailing of the Notice Packet to file objections or Requests for Exclusion.

6. **Class List and Data Confirmation Checks**. Prior to mailing, the Claims Administrator will perform a search based on the National Change of Address Database information to update and correct for any known or identifiable address changes. If a new address

is obtained by way of a returned Notice Packet, then the Claims Administrator shall promptly forward the original Notice Packet to the updated address via first-class regular U.S. Mail indicating on the original Notice Packet the date of such re-mailing.  Where a Notice Packet is returned as undeliverable, without a forwarding address, the Claims Administrator will perform a computer/SSN and "skip trace" search via U.S. Postal Service records to obtain an updated address and will perform a single re-mailing.  The Parties agree to cooperate with the Claims Administrator to locate a more recent address for Class Members, where necessary.

       7.    **Requests for Exclusions**. The Notice Packet shall state that Class Members who do not want to participate in the settlement may exclude themselves by timely submitting a written request seeking exclusion from the settlement ("Request for Exclusion").  Any such Requests for Exclusion must be made in accordance with the terms set forth in the Notice Packet and will be deemed timely only if postmarked on or before forty-five (45) days following the initial date of mailing of the Notice Packet by the Claims Administrator ("Exclusion Deadline").  Such Requests for Exclusion must: (a) contain the full name, address and telephone number, and the last four digits of the Social Security number of the person requesting exclusion, (b) be signed by the person requesting exclusion, (c) reference the Action by its name and case number, and (d) contain a statement clearly indicating that the person submitting the request seeks to be excluded from the settlement.  The Request for Exclusion must be returned by mail to the Claims Administrator at the specified address indicated in the Notice Packet, and must be postmarked on or before the Exclusion Deadline.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.  If the Request for Exclusion does not contain the information listed in (a)-(d) or is not submitted to the Claims Administrator by the Exclusion Deadline, it will not be deemed timely and/or valid.  Any Class Member who opts out of the Settlement Class by submitting a timely and valid Request for Exclusion will not be entitled to any recovery under the Agreement and will not be bound by the Agreement or have any right to object or file an appeal.  Settlement Class Members who do not submit a valid and timely Request for Exclusion shall be bound by all the terms of the Agreement and any final judgment or order in this Action.  Upon request, the Claims Administrator shall

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

provide counsel for the Parties with a complete list of all members who have timely submitted valid Requests for Exclusion, along with the names and Estimated Individual Settlement Payments of individuals who did not exclude themselves from the Settlement. The Parties agree that they will not encourage any Class Member to seek exclusion. In the event that more than 5% of the Class Members request exclusion from the Settlement, Defendant shall have the right to terminate the Settlement. Any such request to terminate the Settlement must be made within five (5) business days of when Defendant learns that more than 5% of the Class members have requested exclusion from the Settlement. To the extent Defendant exercises its right to terminate the Settlement pursuant to this provision, Defendant shall be responsible for all settlement administration costs incurred by the Claims Administrator.

8.      **Objections**. To object to the Settlement, a Class Member must file a written objection with the Court no later than forty-five (45) calendar days after the Notice of the Settlement is first mailed as part of the Notice Packet. If a Class Member excludes himself/herself from the Class, he/she will have no standing to object to the Settlement. To be timely, all objections must be postmarked no later than forty-five (45) days after the Notice Date ("Objection Deadline"). A written objection must: (a) contain the objecting person's full name, current address and signature; (b) clearly identify this Action by case name and number; (c) state whether the objection applies only to the objector, a specific subset of the class, or to the entire class; and (d) state with specificity the grounds for any objections. The objector may include any supporting papers if an objector chooses to file such (including, without limitations, all briefs, written evidence, and declarations). Any Class Member who wishes to object to the Settlement must mail their written objection to the Court (the location and address of the Court will be specified in the Notice Packet), or file the written objection in person at the United States District Court for the Northern District of California. Class Members will be notified that any Class Member who desires to object but who fails to comply with the objection procedure set forth herein or files a written objection beyond the Objection Deadline may have his/her objection rejected by the Court. Any Class Member who files a timely written objection with the Court may appear at the Final Approval Hearing and present his or her objection to the Court orally; the objecting Class Member

is not required to attend.  Any Class Member who files an objection remains eligible to participate as a Class Member in the Settlement and receive monetary compensation from the Settlement. Defendant shall not be responsible for fees, costs or expenses incurred by the Class related to Class Members who submit objections to the Agreement or any appeals arising from the Action for attorneys' fees, costs or expenses of any kind.  The Parties agree that they will not encourage any Class Member to object to the terms of the Settlement.

9. **Certification Reports**.  The Claims Administrator will provide Defendant's counsel and Class Counsel a weekly report which certifies: (a) the number of members of the Settlement Class who have opted out by submitting timely and valid Requests for Exclusion; and (b) whether any Class Member has submitted a challenge to his/her Individual Settlement Payment or his/her personal information contained in his/her Notice Packet.. Additionally, the Claims Administrator will provide to counsel for both Parties any updated reports regarding the administration of the Agreement as needed or requested.

10. **Declaration from Claims Administrator**. Fourteen (14) days before the Motion for Final Approval is to be filed, the Claims Administrator shall provide to all Parties a declaration under penalty of perjury concerning the following:

      a.    Confirmation that the Notice Packets were mailed and, if applicable, re-mailed pursuant to the terms of this Agreement; and

      b.    The number of all Class Members who properly and timely submitted valid Requests for Exclusion;

      c.    Any additional information requested by the Court.

The Claims Administrator will provide an updated declaration containing the same information five (5) days before the Final Approval Hearing.

**D.** **Final Approval**

1. A motion for final approval of the Settlement will be filed by Class Counsel, which will include a request for an award of the Class Representative Enhancement Payment and Class Counsel's attorneys' fees, costs and expenses, as provided herein.  Plaintiff's Motion, filed in accordance with the terms set forth herein, which Defendant shall not oppose, shall request that

DocuSign Envelope ID: 00B2286E-CEFA-4787-A72D-F492E6B891CC

the Court enter a Final Approval Order and Judgment as follows:

  a.    Finding that the dissemination of the Notice Packet in the form and manner ordered by the Court was accomplished as directed, met the requirements of due process, was the best notice practicable under the circumstances, and constituted due and sufficient notice to all parties entitled thereto;

  b.    Finding that Plaintiff and Class Counsel herein have fairly and adequately represented and protected the interests of the Class at all times in the Action;

  c.    Finally approving the Agreement and the Settlement terms as fair, reasonable and adequate and directing consummation of the Agreement in accordance with its terms and provisions;

  d.    Entering judgment directing the Parties to implement the terms of the Agreement, including, without limitation, the provisions regarding the payment of the Individual Settlement Payments to each Class Member as set forth in this Agreement;

  e.    Entering judgment defining the Class;

  f.    Awarding reasonable attorneys' fees, costs and expenses to Class Counsel as provided in paragraph III.B.5, and subject to the limitations set forth therein or reserving jurisdiction with respect thereto;

  g.    Awarding the Class Representative Enhancement Payment to Plaintiff as provided herein, and subject to the limitations set forth therein, or reserving jurisdiction with respect thereto; and

  h.    Reserving continuing and exclusive jurisdiction over all matters related to the administration and consummation of the terms of this Agreement, over the enforcement, construction and interpretation of the Judgment, including, but not limited to, the provisions therein enjoining any further litigation of Released Claims as provided below, and over Plaintiff and all Class Members (and their attorneys) in connection therewith.

  2.    If the Court does not grant final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appeal, then the Settlement will become null and void and of no further force and effect, and all negotiations, proceedings and

DocuSign Envelope ID: 00B2386F5CEEA4787A7295F492F6B891CC

statements relating thereto shall be without prejudice as to the rights of any and all parties, and their respective predecessors and successors shall be deemed to have reverted to their respective positions in this Action as of the date and time immediately prior to the execution of this Agreement, and except as otherwise expressly provided, the effect shall be the same as if the Agreement was terminated pursuant to paragraph 5 below.

3.      The Parties, including Counsel, will use their best efforts to obtain preliminary and final approval as quickly as possible, and will not encourage any Class Member to opt-out or object to the terms of this Agreement or preliminary and final approval.

4.      In the event that any provision of the Settlement is rejected by the Court, the Parties will work in good faith to negotiate alteration of the rejected term.

5.      If, following the Parties' good faith efforts and mediation, the Parties cannot agree on alterations, or if ultimately (a) the Court declines to enter the Preliminary Approval Order or to enter the Judgment or any part thereof as provided for therein, or the Parties hereto after good faith efforts and mediation fail to consent to the entry of alternative forms of Judgment, in lieu thereof, or after such consent the Court declines to enter such alternate form of Judgment; or (b) any conditions to the Agreement are not satisfied; or (c) the Court disapproves this Agreement, or any term contained in this Agreement, and such disapproval becomes final by reason of its affirmance on appeal or lapse of time or otherwise; or (d) the Court approves this Agreement, including any amendments hereto, but any such judgment and approval is finally reversed on appeal, then in any such event, this Agreement shall be void and the Preliminary Approval Order and the Final Approval Order and Judgment shall be vacated upon application to the Court. In such event, (a) this Agreement and the Settlement (with the exception of this Paragraph III.D.5) shall be terminated and become void and of no effect; (b) any actions taken or to be taken in connection with this Agreement and the settlement terms shall become null and void and of no effect; (c) this Agreement and the settlement terms and any hearings or proceedings thereunder shall not be referred to or used as evidence for or against any party or Class Member in this or any other action or proceedings; and (d) all proceedings, including discovery, shall resume thirty (30) days thereafter as if this Agreement had not been proposed for approval of the Court.

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

**E.    Class Member Workweek Disputes**

1.    Disputes as to Calculation: If a Class Member disputes the employment dates listed in the Notice Packet, the Class Member may produce evidence to the Claims Administrator indicating the dates contended to have been worked during the applicable Settlement Class Period.  Any such workweek disputes will be deemed timely only if postmarked on or before forty-five (45) days following the initial date of mailing of the Notice Packet by the Claims Administrator.  An individual can only dispute his/her employment dates if he/she does not exclude himself/herself from the Settlement.   Defendant's records will be presumed determinative absent evidence to rebut Defendant's records.  Class Counsel and Defense counsel shall meet and confer in an attempt to reach an agreement regarding whether an adjustment is warranted based on the documentary evidence submitted by the Class Member to challenge the dates worked during the Settlement Class Period.  If they cannot agree, the Claims Administrator shall make the final determination if an adjustment is warranted as to which dates should be applied based on the evidence submitted by the Class Member.  All such disputes are to be resolved not later than fourteen (14) calendar days after the Response Deadline.

2.    **Expiration of Settlement Checks**. Any checks issued by the Claims Administrator to Class Members shall be negotiable for not less than one hundred eighty (180) days from issuance.  Those funds represented by Settlement Checks remaining uncashed for more than 180 days after issuance (collectively, "Voided Settlement Checks") will be remitted as follows:  Fifty percent (50%) to Legal Aid At Work and fifty percent (50%) to the Ali Forney Center.

**F.    Distribution to Class Members, Plaintiff and Class Counsel**

1.    **Effective Date**.  "Effective Date" means the later of: (a) the day the Final Approval Order and Judgment is entered if no objections are made to the settlement; (b) if any objections are made to settlement, but no appeals are filed, the thirtieth (30th) day after the Court enters an order granting final approval of the Joint Stipulation of Class Action Settlement and Release; (c) if any timely appeals are filed, thirty (30) days after the resolution (or withdrawal) of any such appeal in a way that does not materially alter the terms of the Settlement.

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

DocuSign Envelope ID: 00B2386F-CEEA-4787-A729-5492FCB891CC

2.     **Funding of the Qualified Settlement Fund**

a.     Within seven (7) calendar days of the Effective Date, the Claims Administrator will provide notice and direct Defendant to pay the Claims Administrator the total funds required to fully fund the Class Settlement Amount to an escrow account set up by the Claims Administrator and authorize the payments due to Plaintiff and the Settlement Class. Defendant shall further provide its portion of any employer-paid payroll tax obligations as calculated by the Claims Administrator that are to be paid by Defendant in addition to the Class Settlement Amount, as set forth in Paragraph III.B.3 of this Agreement.  Within fourteen (14) calendar days of receiving that notice, Defendant will wire the funds required to fully fund the Class Settlement Amount plus Defendant's portion of any employer-paid payroll tax obligations as calculated by the Claims Administrator into a QSF set up and controlled by the Claims Administrator. Payments to the Settlement Class Members, the Class Representative Enhancement Payment, attorney's fees and costs to Class Counsel, PAGA Payment to the LWDA, and the Claims Administrator's Expenses shall be made from the QSF.

b.     If the QSF is not funded in accordance with this provision and notice is provided to Defendant's counsel of the breach, and payment is not made within seven (7) calendar days of notice of the breach, Class Counsel may seek reasonable attorneys' fees and costs incurred with any enforcement action taken thereafter.

c.     The QSF shall be an interest-bearing account at a federally insured bank that is mutually acceptable to the Parties and the Claims Administrator.  The funds in the QSF shall be invested either in short-term U.S. Treasury securities with maturity dates of less than 90 days at the time of deposit, or in an SEC-registered money market fund investing exclusively in U.S. Treasury securities with average maturities of less than 90 days and rated AAA by Standard & Poor's.  The Parties agree that the QSF is intended to be a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, *et seq*., and will be administered by the Claims Administrator as such. With respect to the QSF, the Claims Administrator shall: (1) open and administer the Settlement Account in such a manner as to qualify and maintain the qualification of the QSF as a "Qualified Settlement Fund" under

Section 468B of the Internal Revenue Code and Treas. Reg. § 1.468B-1; (2) satisfy all federal, state and local and income and other tax reporting, return, and filing requirements with respect to the QSF and any interest or other income earned by the QSF, and (3) satisfy out of the QSF all (i) taxes (including any estimated taxes, interest, or penalties) with respect to the interest or other interest earned by the QSF, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and functions as described in this Agreement.  The aforementioned taxes, fees, costs and expenses shall be treated as and included in the costs of administering the QSF and as Claims Administration Expenses. The Parties and the Claims Administrator shall treat the QSF as coming into existence as a Qualified Settlement Fund on the earliest date permitted as set forth in 26 C.F.R. § 1.468B-1(j)(2)(i), and such election statement shall be attached to the appropriate returns as required by 26 C.F.R. § 1.468B-1(j)(e)(ii).  The Parties agree to cooperate with the Claims Administrator and one another to the extent reasonably necessary to carry out the provisions of this Section.

     d. Class Counsel and the Claims Administrator will be solely responsible, under Court supervision, for distributing settlement proceeds including withholding for payroll taxes and income taxes on W-2 wage payments made to Class Members for the amounts to be paid as W-2 wages; complying with the reporting and payment obligations imposed by Treas. Reg. §1.468B-2(l)(2) on the QSF (as well as reporting and payment obligations to state and local tax authorities with respect to the Fund); and paying any tax imposed on the QSF pursuant to Treas. Reg. §1.468B-2(a) and other applicable provisions of Federal, state or local law imposing tax on the Fund.  All Claims Administrator costs will be borne out of the Class Settlement Amount; Defendant has no separate obligation to fund costs of administration.  The Claims Administrator shall furnish to Defendant all copies of all Forms W-2, 1099, or other tax reporting forms provided by the QSF to any payee of the Class Settlement Amount within thirty (30) calendar days after each such form has been furnished to the payee shown thereon.

     3. **Distribution to Class Counsel**.  The total amount of attorneys' fees and costs due to Class Counsel shall be due and payable no later than fourteen (14) calendar days after receipt by the Claims Administrator of the QSF.  In no event will the disposition of the attorneys'

DocuSign Envelope ID: 00B2386E-CEEA-4787-A72D-F492FCB891CC

fees and costs awarded to Class Counsel delay the administration or completion of the claims administration process.

4.    **Distribution of Class Representative Enhancement Payment**.  Within fourteen (14) calendar days after receipt by the Claims Administrator of the QSF, the Claims Administrator shall pay to Plaintiff the amount of the court-approved Class Representative Enhancement Payment from the QSF.  Plaintiff shall also be eligible to receive an Individual Settlement Payment as a Settlement Class Member pursuant to the claims procedures set forth in this agreement, in addition to the enhancement fees he receives as Class Representative.  The Class Representative Enhancement Payment shall not be taxed as wages. The Claims Administrator will issue a 1099 form to the Plaintiff in connection with the Class Representative Enhancement Payment.

5.    **Distribution to Settlement Class Members**.   Within fourteen (14) calendar days after receipt by the Claims Administrator of the QSF, the Claims Administrator will make payments to Settlement Class Members out of the QSF as required by the final approval Order, less any required payroll withholdings.  The Claims Administrator will pay the withheld funds over to the applicable governmental authorities, and the Claims Administrator will issue the appropriate 1099s and W-2s.  The Claims Administrator shall mail payments to Settlement Class Members by first-class mail.  The checks shall indicate on their face that they are void if not negotiated within one hundred eighty (180) calendar days of issuance, and after such time the Settlement Class Member's claim will be deemed void and of no further force and effect.  The Claims Administrator shall be required to indemnify Defendant and Class Counsel for any failure to perform the foregoing duties.

G.    **Release of Claims**

1.    In consideration of the monetary sum provided by Defendant and upon final approval of this Agreement by the Court, each of the Class Members, except those who timely submit valid Requests for Exclusion accepted by the Claims Administrator, hereby cancel, terminate, abrogate, discharge, waive, fully release and forever discharge the Released Parties from the Released Claims that arose during the Settlement Class Period.

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

2. **Identity of Releasing Parties**. The Class Members, other than those who timely submit valid Requests for Exclusion accepted by the Claims Administrator, shall be deemed to be within the Class for all purposes under this Agreement, shall be bound by the terms and conditions of this Agreement, including all orders issued pursuant thereto, and shall be deemed to have waived all unstated objections and oppositions to the fairness, reasonableness, and adequacy of this Agreement, and any of its terms and will pursuant to the terms of this Agreement release and discharge the Released Parties.

3. **Release of Additional Claims & Rights by Plaintiff Ser Lao**. Upon the Effective Date, and as a condition of receiving any portion of his Class Representative Enhancement Payment, Plaintiff agrees to the additional following General Release: In consideration of Defendant's promises and agreements as set forth herein, Plaintiff hereby fully releases the Released Parties from any and all Released Claims and also generally releases and discharges the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of or relating to Plaintiff's employment by Defendant or termination thereof, including but not limited to claims for wages, restitution, penalties, retaliation, defamation, discrimination, harassment or wrongful termination of employment. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by this Agreement) relating to or in any way connected with his employment with Released Parties and the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Specifically, Plaintiff waives all rights and benefits afforded by California Civil Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

4. **No Admissions**. The Parties understand and agree that this Agreement is

the result of a good faith compromise settlement of disputed claims, and no part of this Agreement or any conduct or written or oral statements made in connection with this Agreement, whether or not the Agreement is finally approved and/or consummated, may be offered as or construed to be an admission or concession of any kind by Defendant and the Released Parties.  In particular, but without limiting the generality of the foregoing, nothing about this Agreement shall be offered or construed as an admission that Defendant's non-exempt California employees were denied wages, or were not properly paid wages upon termination.  Likewise, nothing about this Agreement shall be offered or construed as an admission that Defendant engaged in any wrongdoing, impropriety, breach of responsibility, or fault.  Similarly, nothing about this Agreement shall be construed as or deemed to be evidence of, or an admission or concession that the Plaintiff or any Class Member has suffered any damage.  In addition, this Agreement shall not be offered to be admissible in evidence against Defendant or any Released Party, except in an action or proceeding brought by or against Plaintiff, the Class, Class Members, or Defendant to enforce the Agreement's terms, or by Defendant in defense of any claims brought by Plaintiff, the Class, Class Members or any member of the general public.

**H.   Additional Terms**

      1.   **Applicability of California Civil Procedure Code § 384 and Further Distribution of Unclaimed Settlement Payments**. This is a non-reversionary settlement. All Individual Settlement Payments to Class Members that remain un-cashed within one hundred eighty (180) days of the mailing of Settlement Payment Checks by the Claims Administrator shall be remitted as follows:  Fifty percent (50%) to Legal Aid At Work and fifty percent (50%) to the Ali Forney Center.

      2.   **Fair, Adequate, and Reasonable Settlement**.  The Parties agree that the Settlement is fair and reasonable and will so represent to the Court.

      3.   **Class Certification for Settlement Purposes Only**.  On August 8, 2018, the Court entered an Order certifying the following classes: (1) all current and former non-exempt retail store employees employed by Defendant in California at any time from December 11, 2011, through the present (limited to security checks conducted at the end of shifts or at closing); and (2)

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

DocuSign Envelope ID: 00B2386F-CEEA-4787-A72D-F492F6B891CC

all former employees employed by Defendant in California from December 11, 2012, through the present, who during their employment received their normal payroll wages through check or direct deposit, but upon their separation of employment received their terminating wages in the form a Money Network ATM Paycard.

For settlement purposes only, the Parties agree that the motion for preliminary approval seeks, *inter alia*, certification of a Settlement Class comprised of all non-exempt retail store employees who were employed by Defendant in the State of California at any time from January 8, 2013, through the October 31, 2019.

4. **No Publicity**.  Neither the Parties nor their counsel shall seek any publicity in connection with this Settlement.  Nevertheless, the Parties understand and agree that Plaintiff's counsel may reference this case and settlement in connection with establishing their qualifications for class certification and adequacy purposes, as well as for attorney fee applications.

5. **Extension of Time**.  Without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Agreement.

6. **Construction**.  This Agreement was entered into after extensive good faith, arm's length negotiations between the Parties' Counsel.  This Agreement is entered into freely and voluntarily only after each party had carefully read and reviewed it with counsel, and it reflects the conclusion of each party that this Agreement and the Judgment and the releases, waivers, and covenants contemplated hereby are in the best interest of said party.  This Agreement has been entered into without any coercion and under no duress.  The Parties acknowledge and agree that all Parties had an equal hand in drafting this Agreement so that it shall not be deemed to have been prepared or drafted by one party or another.  All Parties waive the provisions of California Civil Code § 1654, which provides, in pertinent part, that "the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist."  Except as expressly provided herein, this Agreement is not intended to confer any rights or remedies upon any person other than the Parties.

7. **Due Authority of Attorneys**.  Each of the attorneys executing this

Agreement on behalf of one or more Parties hereto warrants and represents that he or she has been duly authorized and empowered to execute this Agreement on behalf of each such respective party and to bind them to the terms hereof.

8. **Entire Agreement**.  This Agreement sets forth the entire agreement of the Parties with respect to its subject matter and supersedes any and all other prior agreements and all negotiations leading up to the execution of this Agreement whether oral or written, regarding the subjects covered herein. The Parties acknowledge that no representations, inducements, warranties, promises or statements relating to the subjects covered herein, oral or otherwise, have been made by any of the Parties or by anyone acting on behalf of the Parties which are not embodied or incorporated by reference herein, and further agree that no other agreement, covenant, representation, inducement, promise or statement relating to the subjects covered herein not set forth in writing in this Agreement, shall be valid or binding.

9. **Exhibits Incorporated by Reference**.  The terms of this Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement are an integral part of the Settlement.

10. **Modification or Amendment**.  This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest.

11. **Deadlines Falling on Weekends or Holidays**.  To the extent that any deadline set forth in this Agreement falls on a Saturday, Sunday, or legal holiday, that deadline shall be continued until the following business day.

12. **Successors**.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto (including members of the Class) and their respective heirs, executors, administrators, successors and assigns, and upon any corporation, partnership or other entity into or with which any Party hereto may merge, combine or consolidate.  As used in the preceding sentence and elsewhere throughout this Agreement, "including" shall mean including without limitation.

13. **Severability**.  In the event that any one or more of the provisions contained

in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall in no way affect any other provision if Defendant and Class Counsel, on behalf of the Parties and the Class, mutually elect in writing to proceed as if such invalid, illegal or unenforceable provision had never been included in this Agreement.

14.    **Counterparts**.  This Agreement may be executed in counterparts, or by DocuSign, each of which shall be deemed an original, and all of which together shall constitute one and the same instrument. Facsimile or electronic transmission of the signatures of the Parties or their representatives shall be binding on the Parties.

15.    **Waivers**.  The waiver by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous of this Agreement.

16.    **Governing Law**. This Agreement will in all respects be interpreted, enforced and governed by and under the laws of the State of California, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such Federal law will govern.

17.    **Continuing Jurisdiction**.  The Court will have continuing jurisdiction over the Action for the purposes of implementing the Agreement, the Final Approval of the Settlement, entry of Judgment, and post-judgment issues, until all related matters are fully resolved. Except as provided in Paragraph III(E), above, any dispute regarding the Parties' obligations pursuant to this Agreement and/or interpretation of the terms of this Agreement will be presented by written motion to, and resolved by, the Court.  To the extent any such motion is filed, the prevailing party to any such motion shall be entitled to recover its reasonable attorneys' fees and costs incurred in connection with such motion.

18.    **Regulation**.  In the event that any provision in this Agreement shall be affected by any rule, regulation, ordinance, order, directive or statute of any unit of government, whether state, federal or local, such rule, regulation, ordinance, order, directive or statute shall supersede and take precedence over any such provision of this Agreement to the contrary and in no event shall Defendant be in violation of this Agreement nor shall this Agreement be in any way

30

affected should Defendant take any action or change any of its business practices to comply with such state, federal or local rules, regulations, ordinances or statutes currently in force or enacted in the future.

19. **Headings**. The headings contained in this Agreement are for convenience and reference purposes only and shall not be given weight in its construction.

20. **Notices**. Any notices, requests, demands, or other communications required or permitted to be given pursuant to this Agreement, other than notice to the Class or Class Members, shall be in writing and, except as provided elsewhere in this Agreement or in any communication to the Class, shall be delivered personally, via overnight delivery or via postage pre-paid first class mail, as follows: (1) to Plaintiff, the Class, and Class Counsel to the attention of Larry W. Lee, Kristen M. Agnew, Nicholas Rosenthal, Max W. Gavron, and Kwanporn "Mai" Tulyathan of Diversity Law Group, P.C., 515 S. Figueroa, Street, Suite 1250, Los Angeles, CA 90071; William L. Marder of Polaris Law Group LLP, 501 San Benito Street, Suite 200, Hollister, CA 95023; and Dennis S. Hyun of Hyun Legal, APC, 515 S. Figueroa, Street, Suite 1250, Los Angeles, CA 90071; and (2) to Counsel for Defendant to the attention of Robert H. Platt, Andrew L. Satenberg, and Alma Pinan of Manatt, Phelps & Phillips, LLP, 2049 Century Park East, Suite 1700, Los Angeles, CA 90067. By written notice given in accordance herewith, each party may modify or change the addressee and/or address of any person identified above or pursuant hereto as the person or persons to whom all future notices shall be sent.

21. **Signatures of Plaintiff and Counsel for the Parties**. Plaintiff and counsel for the Parties indicate by signing below their approval of the form of this Agreement, and, in the case of counsel for Plaintiff and the Class, their representation and warranty of authority to bind the Class as certified and the Class described herein (subject to the final approval of the Court) and their acceptance of the provisions regarding attorneys' fees.

22. **Binding Agreement**. The Parties intend that this Stipulation of Settlement shall be fully enforceable and binding on all Parties, and agree that it shall be admissible and subject to disclosure in any proceeding to enforce its terms.

[SIGNATURES ON FOLLOWING PAGE]

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

DocuSign Envelope ID: 06B2386F-CEEA-4787-A72D-F4925CB891CC

1

## SIGNATURES

2

3    Dated:  March 6 , 2020                    **Plaintiff SER LAO**

4

5

6

7    Dated:  March __, 2020                    **Defendant H & M HENNES & MAURITZ,
                                               L.P.**

8

9                                               _____

10                                              Name
                                               Title

11

12   Dated:  March 6, 2020                     **DIVERSITY LAW GROUP, P.C.**

13

14                                              _____

15                                              Larry W. Lee
                                               Kristen M. Agnew

16                                              Nicholas Rosenthal
                                               Max W. Gavron

17                                              Mai Tulyathan
                                               Attorneys for Plaintiff SER LAO and the Class

18

19   Dated:  March __, 2020                    **MANATT, PHELPS & PHILLIPS, LLP**

20

21                                              _____

22                                              Robert H. Platt
                                               Andrew L. Satenberg

23                                              Alma Pinan
                                               Attorneys for Defendant H & M HENNES &

24                                              MAURITZ, L.P.

25

26

27

28

32

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

1

**SIGNATURES**

2

3    Dated:  March ___, 2020                    **Plaintiff SER LAO**

4

5    _____

6

7    Dated:  March 6, 2020                      **Defendant H & M HENNES & MAURITZ,
                                                 L.P.**

8

9    _____

10   Christopher Mikulski
     Country ER Manager

11

12   Dated:  March ___, 2020                    **DIVERSITY LAW GROUP, P.C.**

13

14   _____

15   Larry W. Lee
     Kristen M. Agnew

16   Nicholas Rosenthal
     Max W. Gavron

17   Mai Tulyathan
     Attorneys for Plaintiff SER LAO and the Class

18

19   Dated:  March 6, 2020                      **MANATT, PHELPS & PHILLIPS, LLP**

20

21   _____

22   Robert H. Platt
     Andrew L. Satenberg

23   Alma Pinan
     Attorneys for Defendant H & M HENNES &

24   MAURITZ, L.P.

25

26

27

28

32

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

# EXHIBIT A

# NOTICE OF CLASS ACTION SETTLEMENT

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SER LAO, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br><br><br>        v.<br><br>H & M HENNES & MAURITZ, L.P., a New York limited partnership; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No. 5:16-cv-333 EJD<br>Hon. Edward J. Davila<br>Courtroom*: 4<br><br>**IMPORTANT LEGAL NOTICE – THIS LAWSUIT SETTLEMENT MAY AFFECT YOUR RIGHTS** |

*A federal court authorized this notice.  This is not a solicitation from a lawyer.  This is not a lawsuit against you and you are not being sued.  However, your legal rights are affected whether you act or don't act.*

**IMPORTANT:  YOU ARE ENTITLED TO MONEY IF THE COURT APPROVES THE SETTLEMENT DESCRIBED HEREIN**

**Mr./Ms. [Insert Name]:**

**THE RECORDS OF H & M HENNES & MAURITZ, L.P. ("H&M") SHOW YOU WERE EMPLOYED BY H&M AS AN HOURLY-PAID EMPLOYEE AT A RETAIL STORE LOCATED IN CALIFORNIA AT SOME TIME BETWEEN JANUARY 8, 2013, AND OCTOBER 31, 2019, AND YOU ARE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

**IT IS ESTIMATED THAT YOUR POTENTIAL PAYMENT UNDER THIS SETTLEMENT WOULD BE $_____.**

**<ins>IMPORTANT</ins>:  YOU WILL BE BOUND BY THIS SETTLEMENT AND YOUR RIGHTS WILL BE AFFECTED BY THIS LITIGATION UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS AS EXPLAINED BELOW.**

**PLEASE READ THIS NOTICE CAREFULLY.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **Do Nothing** | You will receive a payment under the Settlement. |
| **Exclude Yourself** | Receive no payment under the Settlement and retain all rights you may have against H&M. |
| **Object** | Write to the Court about why you believe that the settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

**YOUR RIGHTS AND OPTIONS - AND THE DEADLINES TO EXERCISE THEM - ARE EXPLAINED IN THIS NOTICE.**

## WHY DID YOU RECEIVE THIS NOTICE?

This notice explains the nature of this lawsuit, as well as a proposed settlement of this lawsuit, and informs you of your legal rights under that proposed settlement.   You are receiving this notice because you may be a member of a class on whose behalf this class action lawsuit has been brought.  The Court has conditionally certified a Class for settlement purposes comprised of:

> All current and former non-exempt retail store employees who work/worked for Defendant in the State of California at any time between January 8, 2013 to October 31, 2019.

The Court has appointed as class counsel Diversity Law Group, PC, Polaris Law Group, LLP and Hyun Legal, APC ("Class Counsel").

## WHAT IS THIS LAWSUIT ABOUT?

This settlement is the result of a lawsuit filed by Plaintiff Ser Lao ("Plaintiff").  On December 11, 2015, Plaintiff filed a Class Action Complaint against Defendant H&M in the Superior Court of the State of California, County of Santa Clara (the "Lawsuit").  Defendant subsequently removed the case to the United States District Court for the Northern District of California, where it was assigned Case. No. 5:16-cv-333 EJD.

Plaintiff's Lawsuit brings class claims for violation of the California Labor Code based on H&M's policy and practice of conducting security checks and visual inspections of its employees after clocking out from their shift and prior to leaving the store.  Plaintiff's Lawsuit alleges that this policy and practice was not compliant with California law, and that H&M owes minimum, regular, and overtime wages to its hourly retail store employees for the time spent waiting and undergoing said security checks and visual inspections as they were off-the-clock.   The Lawsuit further challenges H&M's class-wide policy and practice of issuing final wages to separating employees in the form of pay cards.  Plaintiff alleges that this policy and practice was not compliant with the California Labor Code, as H&M did not obtain each separating employee's authorization to pay final wages via pay card, and the pay cards impose fees in order to use the card.  Based on these class claims, Plaintiff seeks on behalf of all similarly situated current and former hourly-paid retail

store employees all unpaid minimum, regular, and overtime wages and related statutory and civil penalties under California law.  In addition to the class claims above, Plaintiff has also brought a claim for violation of the Private Attorneys General Act of 2004 (the "PAGA"), California Labor Code § 2698, *et seq.*, seeking civil penalties on behalf of all other aggrieved employees based on these same Labor Code violations.

Defendant denied the allegations in the Lawsuit, and continues to deny, that it failed to comply with California law and the California Labor Code.  In this regard, Defendant maintains that its security checks and visual inspections conducted at retail stores were compliant with California law, such that it properly compensated employees for all wages earned.  Defendant also maintains that its use of pay cards to issue final wages to separating employees did not violate the California Labor Code, because the pay cards did not deny employees access to their final wages in a timely manner after separation of employment.  In addition, Defendant denied, and continues to deny, that the Lawsuit could or should be certified to proceed as a class action.

THE COURT HAS NOT RULED ON THE MERITS OF PLAINTIFF'S CLAIMS, DEFENDANT'S DEFENSES, OR THE SUBSTANTIVE CONTENTIONS OF THE PARTIES. NO INFERENCES REGARDING THE MERITS OF THE LITIGATION SHOULD BE DRAWN FROM THE SENDING OF THIS NOTICE.  THIS NOTICE IS NOT MEANT TO IMPLY THAT THERE HAS BEEN ANY VIOLATION OF LAW OR WRONGDOING BY ANY PARTY OR THAT A RECOVERY AFTER TRIAL COULD BE HAD IF THE LITIGATION IS NOT SETTLED.

## SUMMARY OF THE SETTLEMENT

### A.      Why is there a settlement?

The Court did not decide in favor of Plaintiff or Defendant.  Plaintiff thinks he would have prevailed on the merits of his claims at trial.  Defendant does not think Plaintiff would have won anything from trial because it has asserted legal and factual defenses to the claims.  But there was no trial.  Instead, both parties agreed to a settlement of the Lawsuit.  As a result, both sides can avoid the costs, risks, and uncertainty of proceeding with trial, and the people affected from the Lawsuit will get monetary compensation.  Plaintiff and Class Counsel believe that the settlement is fair, reasonable, adequate, and in the best interests of all members of the Class.

### B.      Who is in the Settlement Class?

All current and former non-exempt ("hourly") retail store employees who work/worked for Defendant in the State of California at any time between January 8, 2013 to October 31, 2019, and who do not opt out of the settlement as explained below would become part of the "Settlement Class" (also referred to as a "Settlement Class Member").  The period of time between January 8, 2013 and October 31, 2019 is referred to as the "Class Period."

### C.      Who are the attorneys representing the class?

| Class Counsel | Class Counsel (cont'd) |
|---|---|
| **DIVERSITY LAW GROUP, P.C.**<br>Larry W. Lee, State Bar No. 228175<br>lwlee@diversitylaw.com<br>Kristen M. Agnew, State Bar No. 247656<br>kagnew@diversitylaw.com<br>Nick Rosenthal, State Bar No. 268297<br>nrosenthal@diversitylaw.com<br>Max Gavron, State Bar No. 291697<br>mgavron@diversitylaw.com<br>Mai Tulyathan, State Bar No. 316704<br>ktulyathan@diversitylaw.com<br>515 S. Figueroa St., Suite 1250<br>Los Angeles, California  90071<br>Telephone:  (213) 488-6555<br>Facsimile:  (213) 488-6554 | **HYUN LEGAL, APC**<br>Dennis S. Hyun, State Bar No. 224240<br>dhyun@hyunlegal.com<br>515 S. Figueroa St., Suite 1250<br>Los Angeles, California 90071<br>Telephone:  (213) 488-6555<br>Facsimile:  (213) 488-6554 |
| **Class Counsel (cont'd)**<br><br>**POLARIS LAW GROUP LLP**<br>William L. Marder, State Bar No. 170131<br>bill@polarislawgroup.com<br>501 San Benito Street, Suite 200<br>Hollister, California 95023<br>Telephone:  (831) 531-4214<br>Facsimile:  (831) 634-0333 | |

### D.    What does the settlement provide?

The parties have agreed to settle the Lawsuit in exchange for the settlement amount of $3,800,000.00.  This amount is inclusive of (1) individual settlement payments to the Class Members; (2) an enhancement payment of up to $15,000.00 to Plaintiff for his efforts and work in prosecuting this Lawsuit on behalf of the class; (3) not more than $1,266,666.67 in attorneys' fees and not more than $250,000.00 in litigation costs; (4) payment of $75,000.00 to the California Labor and Workforce Development Agency ("LWDA") in connection and accordance with PAGA (75% of $100,000.00 PAGA penalty allocation, with $25,000.00 being distributed to Class Members); and (5) claims administrator's fees and expenses estimated to be $41,750.00.

After deducting the class representative enhancement payment, attorneys' fees, costs, the payment to the LWDA, and the claims administrator's fees and expenses, it is estimated that a total of approximately $2,151,583.33 ("Net Settlement Amount") will be available to be distributed to the Settlement Class.  The Settlement Class Member's share of the Net Settlement Proceeds will be distributed to each class member who does not opt out ("Individual Settlement Payment").

The amount of each Individual Settlement Payment for each Settlement Class Member is determined on a pro rata basis.  That amount will be calculated based on how many workweeks the Settlement Class Member worked during the Class Period.  For every seven (7) days a

Settlement Class Member is employed by Defendant during the Class Period, he/she will be assigned one point (referred to as "workweek points"). The workweek points of all Settlement Class Members will then be added up to determine the total workweek points. Then, each Settlement Class Member's share will be determined by dividing the total number of workweek points earned by all Settlement Class Members by the number of workweek points earned by that particular Settlement Class Member during the Class Period.

Settlement Class Members are <u>not</u> required to do anything to receive their Individual Settlement Payment. Thus, you do <u>not</u> need to submit any proof of a claim form. Instead, Settlement Class Members will automatically receive their Individual Settlement Payment based on the number of workweeks set forth below. Upon final approval of this settlement by the Court, your Individual Settlement Payment check will be mailed to you, unless you exclude yourself or opt-out of the settlement according to the instructions below.

Only Settlement Class Members who can be identified by the claims administrator will receive a payment from the settlement. No settlement payments will be sent to any Settlement Class Member for whom a current address has not been identified by the claims administrator.

If any Settlement Class Member does not cash his/her settlement payment check within one hundred eighty (180) days after the claims administrator mails the settlement payment check to the Settlement Class Member, the claims administrator shall disseminate the funds as follows: fifty percent (50%) to Legal Aid At Work and fifty percent (50%) to the Ali Forney Center.

All Individual Settlement Payments paid to satisfy Claims shall be allocated as follows: eighty percent (80%) to statutory penalties and interest, not subject to withholdings and reported on a 1099 form to be issued by the claims administrator; and twenty percent (20%) as wages and will be subject to all applicable withholdings, including FICA, FUTA, SDI and Medicare. To the extent that any portion of Settlement Class Members' settlement proceeds constitute wages, H&M will be separately responsible for the employer-paid portion of any taxes, including the employer-paid portion of FICA, Medicare, FUTA, and SDI contribution, which shall not be paid from the Class Settlement Amount. Each individual Settlement Class Member shall be solely responsible for his/her share of taxes (federal, state, or local) owed as a result of any payments received under this settlement. To ensure compliance with requirements imposed by the IRS, we inform you that any United States federal tax advice contained in this Notice was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. Class Counsel and Defendant's Counsel do not purport this communication to constitute legal and/or tax advice.

E.     <u>**What will I get?**</u>

The records of Defendant indicate that, between January 8, 2013 and October 31, 2019 (the "Class Period"), the dates of employment you were employed within this period is:



Dates of Employment

Based on this, it is estimated that your Individual Settlement Payment will be approximately $██████.

If you dispute the dates of employment listed above, you must notify the claims administrator in writing of this dispute by ██████████, 2020 at the address listed below, and provide documents (*e.g.*, payroll records) evidencing your claim.  You can only submit a dispute if you do not exclude or opt out of the settlement.  Any dispute over the dates of employment that cannot be resolved by the parties shall be submitted to the claims administrator for a final and binding determination.

**F.      What is the payment to the Class Representative?**

Subject to Court approval, Plaintiff will be paid a "Class Representative Enhancement" in an amount up to fifteen thousand dollars ($15,000.00) for his efforts and work in prosecuting this Lawsuit as the class representative, including sitting for his deposition and personally attending the settlement conference leading to this settlement, providing Defendant with a general release of any claims he may have, as well as his willingness to accept the risk of paying Defendant's attorneys' fees and costs in the event of an unsuccessful outcome of this Lawsuit.

**G.      How will Class Counsel be paid?**

Class Counsel will apply to the Court for an award of reasonable attorneys' fees in an amount up one-third (1/3) of three million eight hundred thousand dollars ($3,800,000.00) recovered for the Class (*i.e.*, $1,266,666.67) and reasonable litigations costs of this Lawsuit of up to two hundred fifty thousand dollars ($250,000.00) ("Class Counsel Award").

**H.      What are you giving up to get a payment or stay in the Class?**

If you remain a part of this settlement, and if the Court grants final approval of the settlement, you will be deemed to have released or waived the claims listed below in Section I that arose any time during the Class Period from January 8, 2013 to October 31, 2019 (referred to as the "Released Claims").  The release of claims set forth below in **Section I** which describes exactly the legal claims that you will give up if you do not exclude yourself from the Settlement Class, and will extend to Defendant and its past, present and future parents, owners, subsidiaries, affiliates, successors-in-interest, assigns, auditors, accountants, experts, contractors, partners, insurers, reinsurers, and other parties acting on their behalf, officers, directors, shareholders, employees, agents, attorneys, and representatives (the "Released Parties").

If you do not elect to exclude yourself from the Settlement Class, you will be deemed to have entered into the release of claims below and to have released your claims against the Released Parties.  If the Settlement is not approved by the Court or does not become final for some other reason, the litigation will continue.

**I.      What are the Released Claims?**

In consideration of the monetary sum provided by Defendant and upon final approval of this Settlement by the Court, Plaintiff and the Settlement Class Members, except those who timely and

validly exclude themselves from the Settlement, hereby cancel, terminate, abrogate, discharge, waive, fully release, and forever discharge the Released Parties from the following claims that arose during the Class Period from January 8, 2013 to October 31, 2019 ("Released Claims"): (a) any claims, damages, or causes of action for any alleged failure to pay all wages and penalties owed at the time of separation of employment due to the use of pay cards as a form of payment of wages, pursuant to California Labor Code §§ 201-203, 212-213, and PAGA, California Labor Code § 2698, *et seq*.; (b) Any claims, damages, or causes of action for unpaid wages and penalties due to time spent undergoing security checks and visual inspections, including, but not limited to, claims for unpaid minimum, regular and overtime wages and penalties pursuant to California Labor Code §§ 201-203, 226, 558, 1194, 1197, 1197.1, PAGA, California Labor Code § 2698, *et seq.*, and Business and Professions Code § 17200, *et seq.*

If you currently have a case pending, or plan to file a case based on the above claims, you must exclude yourself from this class action in order to proceed on your own. You will be solely responsible for the costs of hiring your own attorney and proceeding on your own. If you wish instead to receive the benefits of this Settlement, and waive your right to proceed on your own, you should participate in this Settlement, meaning do not exclude yourself from the Settlement.

## THE SETTLEMENT HEARING

The Court will conduct a final fairness hearing regarding the proposed Settlement (the "Final Settlement Hearing") on _____, _____, at _____.m., in Courtroom 4 of United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113.

At the Final Settlement Hearing, the Court will determine: (i) whether the Action should be finally certified as a class action solely and exclusively for Settlement purposes; (ii) whether the Settlement should be given the Court's final approval as fair, reasonable, adequate and in the best interests of the Settlement Class Members, and if so, whether to enter a judgment fully and finally resolving Plaintiff's and Settlement Class Members' claims against Defendant; (iii) whether the Settlement Class Members should be bound by the terms of the Settlement, including the release of claims; (iv) the amount of the attorneys' fees and expenses to be awarded to Class Counsel; and (v) the amount that should be awarded to Plaintiff for the Class Representative Service Award. At the Final Settlement Hearing, the Court will rule on any written objections filed by Class Members, as well as arguments for and against the proposed Settlement. Assuming you do not elect to exclude yourself from the Settlement, you have a right to attend this hearing, but you are not required to do so. The Court has reserved the right to adjourn the Final Settlement Hearing to consider any issue, without further notice of any kind. Please contact the claims administrator or Class Counsel to confirm that the Final Settlement Hearing date has not been changed.

You also have the right to hire an attorney to represent you, or to enter an appearance on your behalf and represent you at the hearing.

## WHAT ARE YOUR OPTIONS?

**OPTION 1 – *REMAIN A SETTLEMENT CLASS MEMBER*.  IF YOU WISH TO REMAIN A SETTLEMENT CLASS MEMBER AND OBTAIN ANY SHARE OF THE SETTLEMENT THAT YOU MAY BE ENTITLED TO RECEIVE, YOU DO NOT NEED TO DO ANYTHING OTHER THAN MAKE SURE THE SETTLEMENT ADMINISTRATOR HAS YOUR CURRENT ADDRESS.  <u>YOU ARE NEVER REQUIRED TO GO TO COURT OR PAY ANYTHING TO THE LAWYERS IN THIS CASE.</u>  You** will be bound by a judgment in this case, you will release your claims against the Defendant, and you will not have the right to file your own lawsuit against the Defendant and pursue your own claims in a separate suit.  If the Court approves the proposed Settlement, you will automatically be mailed your share of the Net Settlement Amount.  If the Court does not approve the Settlement, the lawsuit will continue, and you may or may not be designated a Class Member at a later time.  If your mailing address information is incorrect or you move, please provide your current address to the claims administrator:  XXXXXX at XXXXXXXXX.

**OPTION 2 – *REMAIN A CLASS MEMBER AND OBJECT TO THE SETTLEMENT*.**

You can ask the Court to deny approval by filing a written objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue.  If that is what you want to happen, you must object in writing.

Any objection to the proposed settlement must be in writing and must: (1) contain your full name, current address, and signature; (2) identify the case name and number (*Lao v. H&M*, Case Number 5:16-cv-333 EJD); (3) state with specificity the grounds for your objection(s); and (4) state whether the objection applies only to you, a specific group or subset within the Settlement Class, or to the entire Settlement Class.  You may include any supporting documents or papers, including without limitation, briefs, written evidence, and declarations, with your objection.  Your written objection and/or supporting documents must be filed with the Court only, either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California.

To be valid and effective, all objections to the approval of the Settlement must be postmarked to the Court on or before _____, _____.  DO <u>NOT</u> CONTACT THE COURT.

If you file a timely written objection, you may, but are not required to, appear at the Final Settlement Hearing, either in person or through your own attorney.  If you choose to appear through your own attorney, you are responsible for hiring and paying that attorney.  Any Class Member who fails to object to the proposed Settlement as described above will lose the right to object to it.

**OPTION 3 – *EXCLUDE YOURSELF FROM THE CLASS*.  YOU HAVE A RIGHT TO EXCLUDE YOURSELF ("OPT OUT") FROM THE CLASS, BUT IF YOU CHOOSE TO DO SO, <u>YOU WILL NOT RECEIVE ANY BENEFITS FROM THE PROPOSED SETTLEMENT AND YOU WILL NOT HAVE STANDING TO OBJECT TO THE SETTLEMENT.</u>  You** will not be bound by a judgment in this case, you will not release your claims against the Defendant, and you will have the right to file your own lawsuit against the Defendant and pursue your own claims in a separate suit.  If you want to exclude yourself from

the Class, you must timely <u>write</u> to the claims administrator to request that you be excluded from the settlement ("Request for Exclusion").

Your Request for Exclusion must: (1) contain your full name, address and telephone number, and the last four digits of your Social Security number; (2) be signed by you; (3) identify the case name and number (*Lao v. H&M*, Case Number 5:16-cv-333 EJD); and (4) contain a clear statement that indicates that you want to be excluded from the Settlement.

Your written Request for Exclusion must be mailed to the claims administrator at: XXXXXX, Claims Administrator, XXXXXX.  In order for you to timely and validly opt out and exclude yourself, your written Request for Exclusion must contain the information listed above, and be postmarked on or before _____, ____.  Any Requests for Exclusion post-marked after this date or not received by the claims administrator will have no force and effect, meaning that you will still remain a part of the Settlement Class.

Any Class Member who files a timely and valid Request for Exclusion will no longer be a member of the Settlement Class, be barred from objecting to and participating in any portion of the Settlement, and will receive no benefits from the Settlement.  If you exclude yourself, you can, at your own expense, pursue any claims that you may have against Defendant.  Please note that you cannot both exclude yourself and object to the Settlement.

### ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed Settlement.  For the precise terms and conditions of the Settlement, please see the Settlement Agreement, approval papers, other documents in this Lawsuit, and any attorneys' fee motions available at www._____.com, by contacting Class Counsel at their contact information above, the claims administrator at ********, by accessing the Court docket in this case (for a fee) through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**ALL INQUIRIES REGARDING THIS LITIGATION SHOULD BE MADE TO THE CLAIMS ADMINISTRATOR:**



XXXXXX
XXXXXX
XXXXXX

You may also call Class Counsel listed above.

**PLEASE DO <u>NOT</u> CONTACT THE COURT OR DEFENDANT'S COUNSEL FOR INFORMATION.**