**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee, State Bar No. 228175
E-mail: lwlee@diversitylaw.com
Kristen M. Agnew, State Bar No. 247656
E-mail: kagnew@diversitylaw.com
Nicholas Rosenthal, State Bar No. 268297
E-mail: nrosenthal@diversitylaw.com
Max W. Gavron, State Bar No. 291697
E-mail: mgavron@diversitylaw.com
Kwanporn "Mai" Tulyathan, State Bar No. 316704
E-mail: ktulyathan@diversitylaw.com
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

Attorneys for Plaintiff and the Class
(Additional Counsel on Next Page)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SER LAO, as an individual and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>H & M HENNES & MAURITZ, L.P., a New York limited partnership; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:16-cv-333 EJD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:        April 30, 2020<br>Time:       9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge:      Hon. Edward J. Davila |

1

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD**

**[PROPOSED] ORDER**

Plaintiff Ser Lao ("Plaintiff" or "Class Representative"), having made an application pursuant to Fed. R. Civ. P. Rule 23(e) for entry of an order (a) preliminarily approving the settlement of the litigation pursuant to the Joint Stipulation of Class Action Settlement and Release (the "Agreement"); (b) conditionally certifying the Settlement Class for purposes of proceedings in connection with the final approval of the Agreement; (c) approving the form of Notice of Class Action Settlement and directing the manner of delivery thereof; (d) approving Larry W. Lee, Kristen M. Agnew, Nicholas Rosenthal, Max W. Gavron, Kwanporn "Mai" Tulyathan of Diversity Law Group, William L. Marder of Polaris Law Group, and Dennis S. Hyun of Hyun Legal as Class Counsel and Plaintiff as Class Representative.

IT IS HEREBY ORDERED THAT:

1. All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with this Court.

2. The Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate and to have been the product of serious, informed, and extensive arm's-length negotiations among the Plaintiff and Defendant H & M Hennes & Mauritz, L.P. ("Defendant" or "H&M") (Plaintiff and Defendant collectively referred to as the "Parties"). In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiff's claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the class members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial. The Court further preliminarily finds that the terms of the Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual class member.

3. Pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), the Court conditionally certifies the Settlement Class defined as the following:

///

2

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

> All non-exempt retail store employees who were employed by Defendant in the State of California at any time during the Settlement Class Period (January 8, 2013, through October 31, 2019).

The Court finds preliminarily, and for purposes of proceeding pursuant to Fed. R. Civ. P. Rule 23(e), that the number of class members is sufficiently numerous, the class members are ascertainable based on the Defendant's records, the Plaintiff's claims are typical of those in the class, and that there is adequate and fair representation. Accordingly, the Settlement Class is hereby CONDITIONALLY CERTIFIED pursuant to Fed. R. Civ. P. 23(e).

4. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby APPOINTS as Class Counsel for the Settlement Class Larry W. Lee, Kristen M. Agnew, Nicholas Rosenthal, Max W. Gavron, Kwanporn "Mai" Tulyathan of Diversity Law Group, William L. Marder of Polaris Law Group, and Dennis S. Hyun of Hyun Legal. The Court finds that Class Counsel collectively have extensive experience and expertise in prosecuting wage and hour class actions.

5. Plaintiff is approved as the Class Representative for the Settlement Class Members.

6. The Court finds on a preliminary basis that the proposed settlement described in the Agreement (including the monetary provisions, the plan of allocation, the release of claims, the proposed award of attorneys' fees and costs and the Class Representative Enhancement Payment) falls within the "range of reasonableness" and therefore grants preliminary approval of the Agreement. Based on a review of the papers submitted by the Parties, the Court finds that the Agreement is the result of extensive arm's-length negotiations conducted after Class Counsel had adequately investigated the claims and became familiar with the strengths and weaknesses of those claims. The assistance of the Court during the settlement process supports the Court's conclusion that the Agreement is non-collusive.

7. The Court hereby APPROVES Phoenix Settlement Administrators as the Claims Administrator for the purposes of this settlement.

8. A hearing (the "Final Approval and Fairness Hearing") is hereby SCHEDULED

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

1 to be held before the Court on _____ at ___:___ a.m./p.m. at _____, for the
2 following purposes:

    a.    to determine finally whether the Settlement Class satisfies the applicable prerequisites for class action treatment;

    b.    to determine whether the proposed Agreement is fair, reasonable, and adequate and should be granted final approval by the Court;

    c.    to determine whether the Order of Final Approval as provided under the Agreement should be entered, and to determine whether the Releasees should be released of and from the Released Claims as provided in the Agreement;

    d.    to determine whether the proposed plan of allocation of the Class Settlement Amount is fair and reasonable and should be approved by the Court;

    e.    to finally consider Plaintiff's application for the Class Representative enhancement payment;

    f.    to finally determine whether Class Counsel's application for an award of attorneys' fees and costs is fair, reasonable, and adequate and should be approved by the Court;

    g.    to determine that the Claims Administrator's costs should be paid from the Class Settlement Amount; and

    h.    to rule upon such other matters as the Court may deem appropriate.

9. The form of Class Notice is hereby APPROVED. No later than twenty-one (21) calendar days after the Preliminary Approval Date, Defendant shall provide the Claims Administrator with the Class List and Data for purposes of preparing and mailing Notice Packets to Settlement Class Members. The Class List and Data shall be confidential. The Claims Administrator shall not provide the Class List and Data to Class Counsel or Plaintiff or any third party, or use the Class List and Data or any information contained therein for any purpose other

4

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

1  than to administer this Settlement.  Specifically, for each Class Member, Defendant will provide
2  the Claims Administrator with data in an usable, electronic form such as Microsoft Excel and
3  shall include the following information for each Settlement Class Member:  (1) employee name;
4  (2) most recent mailing address; (3) telephone number; (4) Social Security number; (5) dates of
5  employment during the Class Period ("Class List and Data").  No later than ten (10) calendar
6  days after receiving the Class List and Data from Defendant as provided herein, the Claims
7  Administrator shall mail copies of the Notice Packet to all Settlement Class Members via regular
8  first-class U.S. Mail.  The Claims Administrator shall exercise its best judgment to determine the
9  current mailing address for each Settlement Class Member.  The address identified by the Claims
10 Administrator as the current mailing address shall be presumed to be the best mailing address for
11 each Settlement Class Member.  In the event more than one address is identified, then the
12 Settlement Administrator shall mail to each potentially valid address.

13      9.    The Court finds that the Notice Packet, along with the related notification
14 materials, constitute the best notice practicable under the circumstances and are in full
15 compliance with the laws of the State of California, the United States Constitution, and the
16 requirements of due process.  The Court further finds that the notifications fully and accurately
17 inform the Settlement Class Members of all material elements of the proposed settlement, of the
18 Settlement Class Members' right to dispute their share of the settlement, of the Settlement Class
19 Members' right to be excluded from the Settlement Class, and of each Settlement Class
20 Member's right and opportunity to object to the settlement.

21      10.   The Court hereby APPROVES the proposed Response Deadline of forty-five (45)
22 calendar days from the initial mailing of the Notice Packet.

23      11.   The Court hereby APPROVES the proposed procedure for opting out of the
24 Settlement Class.  The date of the postmark on the return-mailing envelope shall be the exclusive
25 means used to determine whether a request for exclusion has been timely submitted.  Any
26 member of the Settlement Class who requests exclusion from the settlement will not be entitled
27 to any share of the settlement and will not be bound by the Agreement or have any right to

5

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

object, appeal or comment thereon.  Members of the Class who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Agreement and the Order and Final Judgment, regardless of whether they otherwise have requested exclusion from the settlement.

12. All reasonable costs of settlement and claims administration, including the mailing of Class Notice, shall be paid for as provided in the Agreement.

13. All written objections and supporting papers must (a) include the objector's full name, current address, and signature; (b) clearly identify the case name and number (*Lao v. H&M*, Case Number 5:16-cv-333 EJD), (c) state whether the objection applies only to the objector, a specific subset of the class, or to the entire class; and (d) state with specificity the grounds for any objections.  The written objection must be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and be filed or postmarked on or before the Response Deadline.  Settlement Class Members who fail to make objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.  Settlement Class Members who submit a timely written objection have a right to appear at the Final Approval/Settlement Fairness Hearing in order to present his or her objection to the Court orally, but is not required to attend.  No Settlement Class Member may appear at the Final Approval/Settlement Fairness Hearing unless he or she has filed a written objection that complies with the procedures provided in this paragraph.  Settlement Class Members who submit a Request for Exclusion are not entitled to object to the Settlement.

14. It is further ordered that pending further order of this Court, all proceedings in this matter except those contemplated herein and as part of the settlement are stayed.

15. All Parties are otherwise ordered to comply with the terms of the Agreement.

16. The Agreement resolves all of the class and individual claims, as well as the representative claim asserted under the Private Attorney Generals Act (the "PAGA"), California

6

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD

Labor Code § 2698, *et seq.*, contained in the Complaint and as set forth in Plaintiff's PAGA notices submitted to the California Labor and Workforce Development Agency.

17.     Jurisdiction is hereby retained over this Litigation and the Parties to the Litigation, and each of the Settlement Class Members for all matters relating to this Litigation, the Agreement, including (without limitation) all matters relating to the administration, interpretation, effectuation, and/or enforcement of the Agreement and this Order.

IT IS SO ORDERED.

DATED: _____

_____
HON. EDWARD J. DAVILA
UNITED STATES DISTRICT COURT

7

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 5:16-CV-333 EJD**